In the Matter of George R. Wignall, Petitioner, against Clifford J. Fletcher, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Fourth Department, March 7, 1951.

*J. S. Albright* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Philetus M. Chamberlain* and *Philip J. Fitzgerald* of counsel), for respondent.

*Per Curiam:* This is a proceeding under article 78 of the Civil Practice Act to review the determination of the Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle.

It appears that on October 10, 1948, the petitioner, while operating an automobile, became involved in an accident resulting in injury to a six-year-old child. In May of 1949, the petitioner received a notice directing him to appear on June 2, 1949, for a hearing to determine whether or not his license and registration should be suspended or revoked. He appeared at the hearing and in view of his advanced age was directed to take a road test for the purpose of examining into his qualifications to operate a motor vehicle. On July 25, 1949, after taking the road test, he was notified that his license was revoked.

This court annulled that determination and remitted the matter to the commissioner for a further hearing, with instructions to make findings in support of whatever determination he may make (277 App. Div. 828).

Petitioner was again called before the hearing examiner and directed to take another road test, after which the license was again revoked. The revocation notice stated, " Cause:

Pursuant to Section 20-8 of the Vehicle & Traffic Law — Failed road test.'' The findings recite in substance: (1) the licensee is eighty-two years of age; (2) that on October 10, 1948, he was involved in an accident while operating a motor vehicle; (3) reasonable grounds exist to indicate that the licensee is not qualified to operate a motor vehicle; (4) that the licensee was required to submit to an examination to determine his qualifications; (5) that a road test examination was given to licensee on June 21, 1950; and '' (6) The report of such road test, such report being duly annexed hereto and made a part hereof, indicates that George R. Wignall is not qualified to operate a motor vehicle.''

It will be seen that the commissioner refers to the *report* of the road-test examiner as his finding of fact to support the revocation. The statute does not say that the report of the road-test examiner shall be conclusive as to an operator's qualifications to drive. That is a matter for the determination of the commissioner. Except for the mandatory revocations provided for in subdivision 2 of section 71 of the Vehicle and Traffic Law, it is the design of the statute that the holder of a license shall have an opportunity to be heard before revocation, together with a right to a review under article 78 of the Civil Practice Act. While both parties here have apparently so construed the statute there has never been any hearing as to petitioner's qualifications to operate an automobile. The petitioner was never given an opportunity to test, by cross-examination, the accuracy of the facts and conclusions as reported by the road-test examiner, or to offer any evidence of his own in contradiction or explanation thereof (see *New York Water Service Corp.* v. *Water Power & Control Comm.* 283 N. Y. 23, 31). Denial of the right to cross-examine adverse witnesses before administrative fact finding tribunals is error of law (*Matter of Friedel* v. *Board of Regents,* 296 N. Y. 347). A license to operate an automobile, once acquired, is something of real value and '' may not be revoked arbitrarily or taken away capriciously '' (*People* v. *Marinelli,* 37 N. Y. S. 2d 321, 326). '' Good cause must be shown to warrant revocation or suspension of a license based upon competent, legal testimony. At such hearing petitioner has the right to be confronted by the witnesses who testify against him and he should be afforded an opportunity to cross-examine his accusers. (*Matter of Yates* v. *Mulrooney,* 245 App. Div. 146, 149; *Matter of Brenner* v. *Bruckman,* 253 App. Div. 607, 609, appeal dismissed 278 N. Y. 503.) '' (*Matter of Kafka* v. *Fletcher,* 272 App. Div. 364, 368.)

We, accordingly, reach the conclusion that the petitioner should be afforded an opportunity to cross-examine the motor vehicle examiner who reported the road test and should also be afforded an opportunity to present evidence of his own which may tend to contradict or explain any facts contained in the report of the road-test examiner.

The determination should, therefore, be annulled, with $50 costs, and the matter remitted to the commissioner for a further hearing.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Determination annulled, with $50 costs and disbursements and proceeding remitted to the Commissioner of Motor Vehicles for a further hearing and with instructions to the commissioner to make findings in support of whatever determination he may reach upon the evidence.