**Walter Clayton SIMMONS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42234.**

Court of Criminal Appeals of Texas.

July 16, 1969.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., Jon Sparling, Bill Hill, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

Appellant was convicted under Article 6687b, Vernon's Ann.Tex.Civ.St., of operating a motor vehicle upon a public highway while his operator's license was suspended and punishment was assessed at a fine of $250 and 3 months in jail.

The appellant complains that the trial court erred in convicting him of driving while his license was suspended in that the appellant received no notice of the administrative hearing resulting in the suspension of his driver's license as is required by Article 6687b, Sec. 22(a), supra.

Article 6687b, Section 22(a), supra, provides, in part:

" * * * Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing * * * Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this section."

Article 29c, V.A.T.C.S., provides, in part:

"All persons, firms * * * municipalities, counties and other political subdivisions of the State * * * are hereby authorized and empowered to use certified mail with return receipt requested, in lieu of registered mail in all instances where registered mail has heretofore been required or may hereafter be authorized by law. The mailing of any required notice of hearing * * * by such certified mail shall have the same legal effect as if sent by registered mail, provided receipt for such certified mail is validated by official post office postmark * * * "

The letter giving notice of the administrative hearing and the envelope in which it was mailed was obtained from the state's file and introduced as Defendant's Exhibit No. 1. It reflects that it was sent by certified mail to the address listed on the appellant's driver's license, and was returned to the sender marked, "Moved, left no address." The record does not reflect that a signed post office receipt showing delivery of the notice of hearing was returned to the Department of Public Safety, and the appellant did not appear or waive his appearance at the administrative hearing.

In Podany v. State, 172 Tex.Cr.R. 451, 358 S.W.2d 118, the court in interpreting Article 29c, V.A.T.C.S., said:

"Art. 29c, V.A.C.S., provides for the use of certified mail 'with return receipt requested' in lieu of registered mail, and provides that the mailing of any required notice by such certified mail shall have the same legal effect as if sent by registered mail, provided receipt for such certified mail is validated by official post office postmark.

*"We understand that the receipt referred to and required is the return receipt to be signed upon delivery of the certified mail. To hold otherwise would be to disregard the proviso."* (Emphasis added)

Article 6687b, supra, does not authorize suspension of a driver's license without notice and hearing except as provided by Section 24 which is not applicable here. Cathy v. State, Tex.Cr.App., 402 S.W.2d 743; Texas Department of Public Safety v. Hamilton, 157 Tex. 616, 306 S.W.2d 712.

An administrative hearing may not be held under Article 6687b, Section 22(a), supra, as modified by Article 29c, when the licensee does not appear at the hearing and where service is sought by certified mail and there is no signed post office receipt showing delivery of the notice of hearing, even though the notice is shown to have been sent by certified mail to the address shown on his license.

Tex.Atty.Gen. Op. No. M–239 (May 23, 1968) states:

"It is concluded that if the licensee does not appear at the hearing and the Department attempts notice by certified mail, it must produce the signed return receipt before the Justice of the Peace can proceed with the hearing. To do otherwise would be to disregard the notice provisions of Article 6687b, Section 22(a).

"It is also the opinion of this office that a suspension resulting from a hearing where the licensee was given no notice of the hearing would not be given any validity by the licensee subsequently receiving actual or constructive notice of the suspension.

"Article 6687b, Section 22(c), provides, in part:

"* * * If any licensee *who is a party* to such final ruling and decision of the Department fails within thirty (30) days to institute or prosecute a suit to set such suspensions aside, then said final ruling and decision of the Department shall be binding upon all *parties thereto."* (Emphasis added).

"Jurisdiction of the person of a defendant is acquired by service of such process as the law provides, or by his voluntary appearance, or by his waiver of service. Stanley v. Columbus State Bank, 258 S.W.2d 840 (Tex.Civ.App. 1953, error ref. n. r. e.). As jurisdiction is the power of a court to hear and determine a controversy between parties to a suit, the failure of the court to acquire personal jurisdiction of the licensee would render any orders or decrees of the court void. One not properly served with process and over whom the Court lacked personal jurisdiction could not be considered as 'a party' to any 'ruling or decision' of that Court. Therefore, the suspension would not be given validity by the mere fact that the licensee was subsequently given actual or constructive notice of the suspension."

The suspension is invalid, and the conviction cannot stand.

For the reason pointed out, the judgment is reversed and the cause is remanded.

ONION, Judge (concurring).

While I fully concur with the majority in its disposition of the case at bar, I feel there is another matter which deserves comment.

At the penalty stage of the proceedings the jury returned both of the following verdicts which were received by the court:

"We, the jury, fix his punishment at imprisonment in jail for 3 months and a fine of $250.00.

/s/ Charles J. Lindeman
Foreman

"We, the jury, recommend probation of $150.00 and 3 months imprisonment.

/s/ Charles Lindeman
Foreman"

While not unmindful of the rule that if the intention of the jury can be arrived at by a fair interpretation of their written findings that such interpretation should be given effect, it is observed that there are two verdicts, each of which assesses a different punishment (as to fine and the issue of probation) applicable to the offense charged. Upon entry of judgment the court had no way of knowing which punishment the jury intended to assess. This is borne out by the judgment which recites, " * * * the Jury fixed his punishment at confinement in the county jail of Dallas County, Texas for three (3) months and by a fine of $250.00 and recommended probation of $150.00 and 3 months Imprisonment and Costs."

To further add to the confusion the judgment remanded appellant to the custody of the Sheriff of Dallas County "until all such costs are paid and his fine of $250.00 has been paid and his term *thirty (30) days* in the County Jail has expired."

The sentence pronounced reflects that the punishment assessed is a fine of $250.00 and 3 months' confinement in the county jail.

It is further observed that if the jury recommends probation in its verdict the court must grant it. Article 42.13, Sec. 3(b), Vernon's Ann.C.C.P. No attempt to grant misdemeanor probation or set conditions thereof appears in the record. Article 42.13, Sec. 4(a), V.A.C.C.P. provides that when a defendant is granted probation "the finding of guilt does not become final, nor may the court render judgment thereon, except as provided in Section 6 of this Article" (relating to revocation of probation).

We find nothing in the record which would have authorized the court to have disregarded the jury's recommendation of probation.

A probationer may appeal his conviction at the time he is granted or placed on misdemeanor probation. Article 42.13, Sec. 8, V.A.C.C.P. When he does desire to appeal *at such time* there is no necessity for a judgment and sentence to be entered prior to such appeal. This conclusion is reached when Article 42.13, supra, and Article 42.04, V.A.C.C.P., are read and construed together.

The action of the trial court in receiving two jury verdicts each of which assessed a different punishment applicable to the offense charged was error. I would also reverse for this reason. Stewart v. State, Tex.Cr.App., 422 S.W.2d 928.

I concur.