110 N.J. Super. 578 (1970)
266 A.2d 323
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DONALD A. LANAHAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Burlington County Court, Law Division.
Decided May 1, 1970.
*579 Mr. Dennis J. Quinn, Special Deputy Attorney General, for appellant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. Joseph F. Polino for respondent (Mr. James Logan, Jr., attorney).
VAN SCIVER, J.C.C.
This is an appeal taken by the State from an interlocutory order entered in the Bordentown Township Municipal Court on March 23, 1970, wherein that court ordered stricken from the record all testimony relating to a breath test conducted of the defendant in a case charging violation of N.J.S.A. 39:4-50(a) since there was no testimony presented establishing that an inspection of the breathalyzer instrument was made subsequent to defendant's test conducted on apprehension.
There was a stenographic record created at the municipal court level and the appeal is prosecuted based thereon.
The interlocutory order entered by the municipal court was followed by the direction that an appeal be taken therefrom by the State under R. 3:24, and reserving to that court jurisdiction for further hearing of the said matter following a determination of the appeal from the interlocutory order.
The facts disclosed by the record are that on February 19, 1970 defendant Lanahan was arrested at 12:01 A.M. in *580 Bordentown Township and charged with violation of N.J.S.A. 39:4-50(a). On March 23, 1970 the alleged violation proceeded to trial before the Municipal Court of Bordentown Township at which time the arresting officer testified that defendant was involved in a rear-end type collision with another vehicle. Based upon the officer's observation, he concluded that defendant was under the influence of alcoholic beverages and therefore issued a summons charging him with violation of N.J.S.A. 39:4-50(a).
State Trooper Boylan observed defendant when he was conducted to the Bordentown State Police Station following his arrest. Based upon his observations, the trooper testified that defendant was under the influence of intoxicating beverages. He further testified as to his qualifications as an operator of the breathalyzer instrument and that he performed two breath tests of defendant, resulting in readings of .17% blood alcohol at 1:15 A.M. and .16% blood alcohol at 1:30 A.M.
State Trooper Newbauer, whose qualifications as a breath-testing coordinator were stipulated, testified that on February 11, 1970, eight days before the tests were performed on defendant, he checked the breathalyzer instrument in the State Police Station at Bordentown and found the instrument to be in proper working condition. He further testified that on March 1, 1970 the Division of New Jersey State Police amended its procedure to provide for the inspection of these breathalyzer instruments every two months instead of every month as had been done theretofore. He further testified that, in his opinion, this bimonthly inspection was all that was needed or required to insure that the instrument was in proper working order; that unlike the drunkometer, the breathalyzer requires no chemical titration, and therefore a monthly inspection is unnecessary. On the municipal court trial date, March 23, 1970, the breathalyzer instrument in question had not been inspected subsequent to the defendant's test on February 19, 1970, in *581 accordance with the new directive on inspections of that type instrument.
Aside from eliciting the date of the last inspection of the breathalyzer instrument (February 11, 1970), defense counsel conducted no further cross-examination of the State Police breath-testing coordinator and moved to strike all testimony with respect to the breathalyzer tests. The motion was contested by the State. The municipal judge granted the motion, with the understanding that the State would file an immediate appeal from that order under R. 3:24 and that following the determination of that appeal the municipal court would proceed to conclude the hearing on the complaint in a manner compatible with the appellate court's ruling.
The central question here, then, is the admissibility of the results of the breathalyzer tests performed on defendant on February 19, 1970, in view of the testimony that following a change in the administrative order, testing of the breathalyzer instrument was to be conducted bimonthly rather than monthly, and that by reason of the chronology of the events herein, the prior inspection of the instrument was performed some eight days before defendant's arrest and testing, and the subsequent inspection of the instrument had not been conducted at the time of trial on the complaint before the municipal court.
The record is devoid of any suggestion, evidence or proof, or circumstance in any way tending to establish inaccuracy or malfunction of the instrument arising out of the mere passage of time. Further, defense counsel does not direct the court to any scientific treatise, document or authority on the fallibility of the instrument unless subjected to inspections for accuracy and performance within any designated period of time, short or long. The defense merely suggests that since custom or practice had been to inspect this type of instrument monthly and to recite the results of inspections made before and after the test performed on defendant *582 then on trial, as an introduction to the presentation of the results of the test into evidence, the results of the tests performed upon defendant are inadmissible because the case proceeded to trial prior to the time the inspection was made of the instrument subsequent to the test, even though a prior inspection of the instrument had been made only eight days before defendant's test and had established that the instrument was then in proper working condition.
There is no contention that the time element itself, either before or after, has any significance or relation to the asserted question of admissibility, but merely that both an inspection report before and after the test in question are prerequisite to admissibility.
The court fails to see the logic to the contention that two reports are the criteria for admissibility without some reference to the element of time. If an inspection report reveals proper working order a few days prior to the test of defendant, would not the concern for reliability of the instrument be more nearly met than by merely the existence of a before and after inspection report without regard for the intervening time period.
The Supreme Court, in State v. Johnson, 42 N.J. 146 (1964), stated that the criteria for admission of the results of a defendant's testing should be proper administration of the test, which includes full proof that the instrument was in proper working order, the operator qualified, the test given correctly, and consent by defendant. There is no question here about any of those elements except the proper working order of the instrument. There is nothing in support of defendant's argument against admissibility except the deviation from custom of presentation of a before-and-after inspection report and the reliance here entirely on the one inspection report eight days before defendant's test. The procedure herein was not by design, but by reason of the facts heretofore outlined.
*583 To deny admissibility on this argument alone, and in light of the record which contains not a scintilla of proof or reference in support of defendant's contention, and in the face of the testimony of the testing coordinator, whose qualifications have not been questioned and that experience has demonstrated that this particular type instrument has very little malfunctioning, would, in the opinion of this court, be speculative and arbitrary, establish rules of exclusion without reference or relation to a reasonable premise, and be artificial. I find nothing in the facts in the record, or in the decisional law, nor have I been presented with anything by counsel, which would, in my opinion, justify such an arbitrary or artificial rule of exclusion.
The requirement of inspection is only that it be done periodically, and this I conceive to be a relative term which relates to what is reasonable as may be determined by either experience or inherent quality or factors in the instrument in question as would bear upon its adequate reliability for consideration of test results in matters of this kind. State v. Johnson, supra; State v. Miller, 64 N.J. Super. 262 (App. Div. 1960).
There is nothing in the record, nor does the defense counsel point to any scientific data, treatise or authority tending to indicate any inherent fallibility of the instrument of this type which, when compared to the element of time, would suggest that the inspection here was lacking in such periodic quality as would foreclose from consideration the admissibility of the results of the tests of this defendant together with all the other relevant evidence on the charge in question.
The record does reveal, on the other hand, that the change in the time period for inspections arose out of, among other considerations, the experience of accuracy and reliability of this instrument and the lack of malfunctioning, and that its process or functioning does not depend upon titration as other instruments do, which instruments are inspected more often.
*584 For the reasons heretofore stated, this court concludes that under the circumstances presented in the record of this case, the results of the breathalyzer tests performed upon defendant are admissible into evidence. The interlocutory order appealed from is respectfully reversed. Counsel shall submit an appropriate form of order.