**John Larry POOLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43154.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Rehearing Denied Dec. 16, 1970.

Foree, Rogers, Birkmeyer & Galloway by R. J. Birkmeyer, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar Adams Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for driving while license suspended; the punishment, a fine of $100.00 and confinement in jail for 72 hours.

Appellant complains that the trial court erred in convicting him of driving while his license was suspended in that he received no notice of a suspension hearing as required by Article 6687b, Section 22

(a), Vernon's Ann.Civ.St., and that since he received no notice the suspension is void and therefore he could not be guilty of driving while his license was suspended.

The letter giving notice of the administrative hearing required by Section 22, supra, was introduced. The evidence shows that this letter was mailed to appellant, but that it was returned undelivered. There is no indication as to whether the letter was sent by registered or certified mail as required by the statute and no showing that he had actual notice. Further, there is no showing that appellant appeared at such hearing or that he waived appearance.

Absent a showing of notice of the suspension hearing to appellant, or waiver of appearance by appellant, the suspension is invalid and the conviction cannot stand. See Simmons v. State, Tex.Cr.App., 443 S.W.2d 852, where an almost identical fact situation concerning lack of notice was before the Court and resulted in a reversal.

The judgment is reversed and the cause remanded.

## OPINION ON STATE'S MOTION
## FOR REHEARING

ONION, Judge.

On rehearing the State contends we were in error in holding that the conviction for driving while license suspended could not stand since the appellant received no notice of the administrative hearing resulting in the suspension of his driver's license as is required by Article 6687b, Sec. 22(a), V.A.T.S.

We were in error in stating in our original opinion that the letter giving notice of the administrative hearing required by the said Sec. 22(a) was introduced. The letter was merely marked for identification. This does not call for a different result. The exhibit was identified as the letter mailed to appellant and returned undelivered. There was no showing that such letter was sent by registered or certified mail as required or permitted by the statutes and the record does not reflect he had actual notice, appeared at such administrative hearing or that he waived appearance.

Under such circumstances the suspension is invalid and the conviction cannot be sustained.

The fact that subsequently the notice of the order of suspension entered after the administrative hearing was mailed to appellant by registered mail and returned unclaimed does not cure the defect.

As stated in Texas Atty. Gen. Opinion No. M–239 (May 23, 1968): "It is also the opinion of this office that a suspension resulting from a hearing where the licensee was given no notice of the hearing would not be given any validity by the licensee subsequently receiving actual or constructive notice of the suspension." Such opinion was cited with approval in Simmons v. State, Tex.Cr.App., 443 S.W.2d 852.

The State also takes us to task for stating Simmons involved "an almost identical fact situation" as the instant case, contending that the question there was whether notice sent by certified mail was sufficient without a showing that a signed post office receipt reflecting delivery of the notice of such hearing was returned to the Department of Public Safety. See Article 29c, V.A.C.S.

Be that as it may, we remain convinced of the correctness of our original decision.

The State's motion for rehearing is overruled.