116 N.J. Super. 244 (1971)
281 A.2d 819
STATE OF NEW JERSEY, PLAINTIFF,
v.
HENRY HAMMOND, DEFENDANT.
Superior Court of New Jersey, Camden County Court.
Decided July 16, 1971.
*246 Mr. Martin Margolit, Assistant Prosecutor, for plaintiff (Mr. A. Donald Bigley, Camden County Prosecutor, attorney).
Mr. N. Bruce MacNaul, for defendant (Messrs. Maressa, Console & Iavicoli, attorneys).
PASCOE, J.C.C.
This is an appeal on a record established in the Collingswood Municipal Court pursuant to R. 3:23-1 et seq. Defendant Hammond was convicted of two offenses: misstatement of fact in an application for registration of a motor vehicle, in violation of N.J.S.A. 39:3-37, and application for a registration certificate during suspension, in violation of N.J.S.A. 39:3-34.
I find as fact that the defendant was the owner-operator of a vehicle travelling east on Route 73 in Berlin, N.J., on March 13, 1971. Trooper Stowal stopped him pursuant to a routine motor vehicle check. The trooper requested that defendant produce his driver's license and vehicle registration certificate. He produced a New Jersey registration certificate with registration number SKS-300. This certificate had an issue date of November 1970 and an expiration date of July 1971. Defendant also produced a North Carolina driver's license which had an issue date of November 1970. The trooper inquired whether defendant had any New Jersey motor vehicle violations and was told he had received a summons for a traffic accident in New Jersey in September 1969 but could not remember the disposition of the matter. The trooper then asked defendant to accompany him inside the Berlin barracks in order to await a confirmation of the defendant's license status in this State. The trooper received information that defendant was involved in an accident in July 1968 and that his driver's license and registration had been revoked in December 1968 for a violation of the Security Responsibility Law, N.J.S.A. 39:6-23 et seq. Defendant's driver's license had also been suspended *247 three times thereafter. The certified abstract of defendant's driving record is marked S-2 in evidence.
Exhibit S-3, defendant's application for a vehicle registration certificate, contains the following question: "Is your registration certificate now revoked or suspended in any state?" To this defendant placed an "X" under "No." The submission of this application resulted in the issuance of defendant's registration certificate in November 1970 by the Motor Vehicle Agency in Collingswood, in which municipality the complaints herein were filed.
It is noted by this court that there is nothing in the transcript to indicate that defendant was given notice of the suspension of his license and registration in 1968. As to the three subsequent suspensions, the orders of suspension dated February 10, 1969, May 13, 1970 and June 29, 1970 were returned undelivered by postal authorities. It is further noted that Trooper Stowal explained that it had been his experience that if a licensee did not receive notice that his license and registration had been revoked, this failure to receive notice would be noted on the back of the driving record abstract. No such entry was found.
The trooper indicated that after talking to defendant he got the impression that defendant knew he was on the revoked list. However, the inquiry here is whether as a matter of law, defendant's knowledge of revocation of registration is a material element of the respective offenses, assuming he was without knowledge.
Defendant contends that the suspension of his driver's license and registration was ineffective since he failed to receive notice thereof. He contends that violation of N.J.S.A. 39:3-34 and N.J.S.A. 39:3-37 requires guilty knowledge. Defendant claims he applied for a registration certificate while on the revoked list and made a misstatement of fact on his application for this registration without knowledge of the suspensions. He therefore submits that the convictions under these statutes should be reversed because there was a lack of scienter on his part.
*248 These facts can be distinguished from State v. Wenoff, 102 N.J. Super. 370 (Cty. Ct. 1968). There defendant had his license revoked for driving while his license was revoked, in violation of N.J.S.A. 39:3-40. Several notices of suspension had been mailed to the defendant but not received. However, the court held that actual receipt of notice was not a prerequisite in a revocation proceeding. It did, however, acknowledge that the essential notice requirement was met by the actual notice defendant received on the traffic summons as to the possible revocation of his driving privileges. The notice and warning provide:
For failure to appear in response to this summons or to pay the prescribed fine and costs, a warrant may be issued for your arrest and your driving privileges may be revoked.
In other words, the court held that the due process requirements were satisfied by the "notice" provisions on the traffic summons. However, the "notice" provisions on the summons do not warn against the possible revocation of an operator's registration certificate. This is the essential element of notice missing in the present case.
Thus, unlike the Wenoff case, here there is insufficient evidence of any notice to defendant Hammond of a possible revocation of his registration certificate. Therefore, there is not adequate proof to indicate that due process was satisfied in this case.
The severity of the penalties that can be invoked substantiates the fact that these statutes are of a penal nature. This is particularly true with regard to N.J.S.A. 39:3-37, which provides for imprisonment for not more than one year, at the discretion of the court. This penalty exceeds the six-month term which has been considered the arbitrary maximum of punishment for petty offenses. State v. Macuk, 57 N.J. 1 (1970). Therefore, the possible severity of punishment provided for in these statutes justifies their characterization as quasi-criminal in nature. State v. Rowe, 116 N.J.L. 48 (Sup. Ct. 1936).
*249 Defendant contends that he received no notice of the suspensions; therefore, he submits that there was no scienter on his part. N.J.S.A. 39:5-30 provides that the Director of the Division of Motor Vehicles may suspend or revoke a registration certificate or driver's license only after due notice in writing of the proposed suspension or revocation is sent to the licensee. If the Director fails to give the licensee sufficient notice, the revocation is ineffective. Bechler v. Parsekian, 36 N.J. 242 (1962). Furthermore, a motorist whose driver's license is sought to be revoked is entitled to know precisely why the Director seeks the proposed revocation. The Director must specify which violation he charges. Parsekian v. Cresse, 75 N.J. Super. 405 (App. Div. 1962), aff'd 43 N.J. 326 (1964). The statute and case law emphasize the necessity of notice. This is consistent with the procedural due process and fundamental fairness concepts of the 5th and 14th Amendments to the U.S. Constitution. Notice implies knowledge. It seems unreasonable to assume that the requirement of notice is obviated with regard to convictions under N.J.S.A. 39:3-34 and N.J.S.A. 39:3-37. The notice requirements provided for under N.J.S.A. 39:5-30 seem to contemplate the scienter requirement for convictions under the above-cited statutes. The severity of the penalties involved further justify the interpretation of the requirement of guilty knowledge as an essential element in convictions under those statutes. If notice is received by the licensee pursuant to the requirements of N.J.S.A. 39:5-30, his violation of N.J.S.A. 39:3-34 and N.J.S.A. 39:3-37 would be performed with actual knowledge on his part, thereby justifying the severity of the sanction.
A majority of states require notice prior to the revocation of an operator's license as a necessary requirement of procedural due process. In some states actual receipt of notice is required before a suspension is effective. Mailing of notice alone is not enough. State v. Simmons, 172 N.E.2d 194 (Ohio Ct. App. 1970); Hall v. Oregon State Department *250 of Motor Vehicles, 467 P.2d 975 (Or. Ct. Apps. 1970); Simmons v. State, 443 S.W.2d 852 (Tex. Cr. Ct. Apps. 1969); Poole v. State, 460 S.W.2d 901 (Tex. Cr. Ct. App. 1970). However, the majority of states provide for notice and hearing prior to any suspensions without the requirement of actual notice. Sandel & Lastrapes v. Shreveport, 129 So.2d 620 (La. Ct. App 1961); State v. Moseng, 254 Minn. 263, 95 N.W.2d 6 (Minn. Sup. Ct. 1959); Wignall v. Fletcher, 278 App. Div. 28, 103 N.Y.S.2d 7, aff'd 303 N.Y. 435 (Ct. App. 1952); Witsch Motor Vehicle Operator License Case, 194 Pa. Super. 384, 168 A.2d 772 (Super. Ct. 1961). In these cases, due process requires that the licensee be given notice of the proposed suspension for it to be effective. Even without the requirement of actual notice, the presumption of delivery of notice does not arise until adequate proof of mailing of the notice has been adduced. Caprino v. Nationwide Ins. Co., 34 A.D.2d 522, 308 N.Y.S.2d 624 (App. Div. 1970). In the present case, there is not adequate proof to indicate that notice of the 1968 suspensions was mailed to defendant. Therefore, the court cannot find that the due process requirements were satisfied in this instance.
Since the violations involved are statutory, the Legislature is free to require or omit guilty knowledge as an element thereof. State v. Wenoff, 102 N.J. Super. 370 (Cty. Ct. 1968); State v. DeMeo, 20 N.J. 1 (1955); State v. Labato, 7 N.J. 137 (1951). However, the right to drive and operate a vehicle has been recently regarded more as a property right than a mere privilege. Bechler v. Parsekian, supra. Therefore, the incidents of fairness which underlie procedural due process appear to be applicable. David v. Strelecki, 97 N.J. Super. 360 (App. Div. 1967), rev'd 51 N.J. 563 (1968), cert. den. 393 U.S. 933, 89 S.Ct. 291, 21 L.Ed.2d 269 (1968).
The punishments involved in this case are severe. Under N.J.S.A. 39:3-37 the operator is subject to a fine of not less than $500 or imprisonment for not more than *251 one year, or both, at the discretion of the court; and a fine of not more than $500 or imprisonment for not more than three months, or both, at the discretion of the court, under N.J.S.A. 39:3-34. Penal and criminal statutes are usually strictly construed to avoid penalties by construction. State v. Young, 95 N.J. Super. 535 (Cty. Ct. 1967). State v. Brown, 22 N.J. 405 (1956). Therefore, scienter is required for convictions under these statutes. In this case there is no proof indicating that defendant received or possessed notice of the suspensions of his driver's license and registration. Therefore, the court has no basis upon which to make a finding beyond a reasonable doubt as to the guilty knowledge of defendant in order to sustain the convictions.
Defendant is declared not guilty.