135 N.J. Super. 430 (1975)
343 A.2d 509
STATE OF NEW JERSEY, PLAINTIFF,
v.
KERRY C. O'KEEFE, DEFENDANT.
Superior Court of New Jersey, Union County Court, Law Division (Criminal).
May 7, 1975.
*434 Mr. Raymond T. Bolanowski for the State (Mr. Edward W. McGrath, Prosecutor of Union County, attorney).
Mr. Robert Persky, for defendant (Messrs. Persky, Jones & Persky, attorneys).
BRODY, J.J.D.R.C., Temporarily Assigned.
This is an appeal, on leave granted, from an interlocutory municipal court order entered while defendant was being tried for operating a motor vehicle during the period of the revocation of his driver's license, in violation of N.J.S.A. 39:3-40. As the municipal prosecutor was about to rest his case the judge noted that the State failed to submit any evidence that defendant, in possession of his license on the date of the alleged offense, had been notified of its revocation. Over defendant's objection the judge sua sponte continued the case two weeks to enable the State to investigate and attempt to prove this fact essential to conviction. N.J.S.A. 39:5-30; State v. Hammond, 116 N.J. Super. 244 (Cty. Ct. 1971). Defendant contends that the order permitting the trial to resume under these circumstances places him in jeopardy a second time.
R. 3:24 provides that an appeal may be sought from an interlocutory municipal court order only when such order has been entered before trial. The court will relax this requirement, however, because the jurisdiction of the municipal court to continue the trial is questioned on substantial grounds and because the municipal court judge is holding the trial in abeyance for a determination of the question. R. 1:1-2; State v. Lanahan, 110 N.J. Super. 578, 579 (Cty. Ct. 1970); cf. R. 2:2-3(b).
The conduct of a trial is in the hands of the judge. This includes discretion to grant adjournments before trial and brief recesses or more extended continuances during trial. He has discretion to permit a party, including the State in a criminal trial, to reopen after resting to supply a deficiency in the evidence. If a defendant in a municipal court *435 is prejudiced by a mistaken exercise of such discretion, his remedy would ordinarily be a trial de novo in the County Court. State v. Menke, 25 N.J. 66 (1957). Because the County Court trial nullifies the municipal court trial, the result is one trial and therefore a single jeopardy. State v. Joas, 34 N.J. 179, 189 (1961).
Nevertheless jeopardy, barring a second prosecution for the same offense, attaches to municipal court proceedings. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); State v. Dixon, 40 N.J. 180 (1963). The plea of double jeopardy is available to a defendant when the State attempts a second municipal court prosecution of an offense under the Motor Vehicle Act. State v. Francis, 67 N.J. Super. 377, 381 (App. Div. 1961). Should a defendant appeal a conviction resulting from a second prosecution, his claim of double jeopardy, if valid, would not be mooted by a trial de novo in the County Court. The waiver of defects in the record of the municipal court deemed by an appeal to the County Court, R. 3:23-8(c), does not extend to errors of constitutional magnitude. State v. Gillespie, 100 N.J. Super. 71, 85 (App. Div. 1968). The appeal in such a case would not be from a judgment after a trial whose defects could be cured in the County Court. Rather, the appeal would be to vindicate defendant's constitutional right to be immune from trial altogether because of the former jeopardy.
It is therefore appropriate to consider whether resuming the trial of this case would constitute a second prosecution of the defendant. He contends that the judge should have entered a judgment of acquittal for lack of evidence and likens the resumption of the trial after the two-week continuance to an impermissible retrial following a mistrial declared because of prosecutorial neglect. The State views the continuance as a proper exercise of the judge's discretion to conduct the trial in the interest of doing justice.
As anticipated in State v. Farmer, 48 N.J. 145, 168 (1966), cert. den. 386 U.S. 991, 87 S.Ct. 1305, 18 *436 L.Ed.2d 335 (1967), the Double Jeopardy Clause of the Fifth Amendment has been made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In its most recent decision the United States Supreme Court iterated that there is no mechanical formula to determine whether a declaration of mistrial over the objection of defendant in the course of a criminal trial precludes retrial. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). A defendant's constitutional right to have the charges against him tried in one proceeding is to be weighed heavily on the balance against the public's interest in seeing that a criminal prosecution ends in a "just verdict." A judge may declare a mistrial without thereby immunizing the defendant from further prosecution only where there is a "manifest necessity" to abort the trial to prevent the defeat of the "ends of public justice." Illinois v. Somerville, supra at 459, 93 S.Ct. 1066.
Recent opinions strike the balance with debatable consistency. On one point, however, there is general agreement: retrial is barred if the only reason for declaring a mistrial is to afford the State an opportunity to strengthen its case by correcting inadequacies resulting from prosecutorial neglect or oversight.
In Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963) a harried assistant United States Attorney could not produce his first witness after the jury was impaneled. He had failed to issue a subpoena in reliance upon assurances by the witness' wife that the witness would attend. The court held that a mistrial granted under these circumstances invalidated a retrial commenced two days later:
The situation presented is simply one where the District Attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the case out of the rule with reference to former jeopardy. [at 737, 83 S.Ct. at 1035]
*437 In the opinion of the four dissenting justices Justice Clark said (at 742, 83 S.Ct. at 1037), "There is no indication that the prosecutor's explanation was a mere cover for negligent preparation * * *"
In United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), the trial judge sua sponte declared a mistrial when he determined that the Government had not fully informed its first witness of his privilege against self-incrimination. The court held that the mistrial barred retrial stating:
The trial judge must recognize that lack of preparedness by the Government to continue the trial directly implicates policies underpinning both the double jeopardy provision and the speedy trial guarantee. [at 486, 91 S.Ct. at 557]
The three dissenting justices said:
On the other hand, there are situations where the circumstances under which the mistrial was declared may be such as to bar a future prosecution. One example is where a judge exercises his authority to help the prosecution, at a trial in which its case is going badly, by affording it another, more favorable opportunity to convict the accused * * * I should suppose that whether misconduct of this kind occurs at the instance of the prosecutor or on the trial judge's sole initiative, there is no question but that the guarantee against double jeopardy would make another trial impermissible. [at 489, 91 S.Ct. at 559]
In Illinois v. Somerville, supra, the court permitted retrial after a mistrial declared because of a defectively drawn indictment. The court said:
This situation is thus unlike Downum, where the mistrial entailed not only a delay for the defendant but also operated as a post-jeopardy continuance to allow the prosecution an opportunity to strengthen its case. [410 U.S. at 469, 93 S.Ct. at 1073]
Writing for three of the dissenting justices Justice White said:
A mistrial was directed at the instance of the State, over Somerville's objection, and was occasioned by official error in drafting the *438 indictment  error unaccompanied by bad faith, overreaching or specific prejudice to the defense at a later trial. The State may no more try the defendant a second time in these circumstances than could the United States in Downum and Jorn. [at 474, 93 S.Ct. at 1075]
In a separate dissent Justice Marshall said:
I believe that Downum and Jorn are controlling. As in those cases * * * the reason which led him to declare a mistrial was prosecutorial negligence, a reason that this court found insufficient in Downum. [at 483, 93 S.Ct. at 1080]
In McNeal v. Hollowell, 481 F.2d 1145 (5 Cir.1973), the state's witness surprised the prosecutor by asserting his his privilege against self-incrimination. The judge thereupon granted a nolle proseque of the indictment. The Court of Appeals held that a subsequent prosecution was barred, stating:
The State would have us liken our case to ones which concerned an unavailable witness. It acknowledges that if the witness is unavailable through sloppy prosecutorial preparation, then there is no manifest necessity for a mistrial * * * We hold that the granting of the nolle proseque in order to allow the State an opportunity to shore up that weakness violated McNeal's Fifth and Fourteenth Amendment rights. [at 1151-1152]
The dissenting judge said:
It must be emphasized that this is not a case in which the District Attorney began a trial and thereafter with no supervening event simply decided to nol pros in the hope of doing better on another day. Such a course would be indefensible, would clearly amount to jeopardy, and would warrant the most severe condemnation. [at 1154]
In the present case the continuity of the trial was interrupted because the municipal prosecutor offered no evidence to prove an element of the offense charged. No excuse was given or solicited. The inference is compelling that he was simply unaware that notice was an element of the offense. Had a mistrial been declared because of such neglect, a second *439 prosecution would be barred. The question is whether a two-week continuance would have the same effect.
A continuance differs from a mistrial-retrial in that it does not deprive the defendant of a verdict rendered by the original tribunal. Thus, a continuance protects the defendant's interest in securing an acquittal from a tribunal which has heard a weak State's case  one basis for the prohibition against double jeopardy. Illinois v. Somerville, supra, 410 U.S. at 471, 93 S.Ct. 1066; United States v. Jorn, supra, 400 U.S. at 484, 91 S.Ct. 547. Yet, double jeopardy has been invoked to prohibit a second prosecution even though the first jury heard no evidence before a mistrial was declared. See, e.g., Downum v. United States, supra; United States v. Jorn, supra; Cornero v. United States, 48 F.2d 69 (9 Cir.1931); Beasley v. Thanos, 379 F. Supp. 195 (M.D. Tenn. 1973); United States v. Le May, 330 F. Supp. 628 (D. Mont. 1971).
Accordingly, a continuance might also violate the double jeopardy prohibition, for the essential element of double jeopardy is the oppressive harassment of a presumably innocent person attendant upon a repeated prosecution. There is not only the anxiety of a second trial, but the often greater anxiety in awaiting a second trial. This affects a defendant personally as well as in his relations with others. Conviction for driving on the revoked list carries a maximum imprisonment of six months, a fine of not less than $200 nor more than $1,000 and an extended loss of license. N.J.S.A. 39: 3-40; N.J.S.A. 39:5-31. These are prospects that defendant, a bus driver, must contemplate a second time if the trial is permitted to resume.[1]
*440 In considering whether a particular trial may be resumed Justice Jacobs' remarks in a related matter, viz., determining identity of offenses, are apposite:
* * * In State v. Currie [41 N.J. 531 (1964)] we noted the futility of the efforts extended towards the formulation of a single legal test to operate absolutely and inflexibly throughout the field of double jeopardy; we stressed that in applying the prohibition against double jeopardy the emphasis should be on underlying policies rather than technisms and that the primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals. [State v. Gregory, 66 N.J. 510, 517 (1975)]
Here the formulation of a single legal test is even more elusive. There is not only the endeavor to fairly protect the State's vital interest in bringing the guilty to justice while at the same time protecting the accused from multiple trials, there is also a recognition that the trial judge must have discretion to control the course of the trial.
Thus the prohibition should not be applied in a doctrinaire manner. Even though a declaration of mistrial caused by prosecutorial neglect would bar retrial, a continuance in the course of a trial caused by prosecutorial neglect should not bar resumption unless the neglect is inexcusable and the continuance is an unreasonable break in the continuity of the trial.
As to whether the neglect is excusable, the judge might consider whether the State was represented by counsel or whether a police officer presented the evidence, as in State v. Menke, supra; whether the prosecutor in good faith misinterpreted what may fairly be considered unsettled or ambiguous legal precedent, as in State v. Farmer, supra and whether the State failed to offer readily available evidence inadvertently overlooked or innocently not produced in the bustle of trial and trial preparation as opposed to evidence whose existence had not even been investigated.
As to whether the continuance is an unreasonable break in the continuity of the trial, the judge might consider *441 the length of the recess or continuance compared with how frequently the court regularly sits and other compelling factors affecting the availability of the judge, the lawyers, the witnesses and defendant; and whether, especially in a close case, defense counsel promptly and fairly apprised the judge that double jeopardy would be raised, thereby alerting him to exercise his otherwise broad discretion with such caution as the circumstances might warrant.
In the present case the State was represented by counsel. Both statutory and case law unambiguously establish notice of revocation as an essential element of the offense. N.J.S.A. 39:5-30; State v. Hammond, supra. Evidence of notice was not readily at hand; after the prosecutor realized his predicament he said, "Well, I'll have the trooper further investigate the matter, Your Honor." And the judge, after determining how much time the State needed, granted the continuance, saying, "Well, I'll put this matter off for two weeks for the trooper to investigate." A two-week continuance was an unreasonable break in the continuity of a trial being conducted in a municipal court that sits every weekday. Defense counsel promptly and fairly pointed out the double jeopardy aspects of the situation:
Your Honor, the defendant is presently in jeopardy. And we move that the trial either proceeds now or that the case be dismissed * * * The State had an opportunity to investigate this matter prior to trial. The defendant is here.
Counsel and the court have found only one similar case, Belveal v. Rambo, 487 P.2d 714 (Okl. Cr. App. 1971). There defendant was tried for unlawful sale of marijuana and barbiturates before a judge sitting without a jury. The State's main witness was an undercover police officer who allegedly purchased the drugs. He was not in court, however, despite "two phone contacts * * * made in an effort to secure [his] presence for the trial." After making this explanation the State offered a transcript of the officer's preliminary hearing testimony. The trial court ruled that due diligence had not *442 been used to secure the witness, rejected the transcript, but denied the defendant's motion for dismissal and granted the State's motion for a two-week continuance. The appellate court granted the defendant's petition for a writ of prohibition against the trial court's resumption of the trial, holding, without elaboration, that the prosecutor's attempt to go forward with the transcript constituted jeopardy and resumption would constitute double jeopardy because of the State's failure to use due diligence to secure the presence of its witness.
In the case at bar, the continuance of the trial was an unreasonable break in its continuity; because it was caused by the inexcusable neglect of the State and the defendant apprised the court promptly and fairly of the constitutional implications of the situation, a resumption of the trial would constitute double jeopardy. The evidence admitted prior to the continuance is inadequate to convict as a matter of law. The clerk will therefore enter a judgment of acquittal.
NOTES
[1] The only proof regarding the circumstances of the alleged revocation is an abstract of the defendant's driving record admitted into evidence without objection. It shows that two months before the date of the offense here under consideration defendant's license was "suspended" for "failure to appear."