**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Harold SMITH, Defendant-Appellant.**

**No. 73–1695.**

United States Court of Appeals, Tenth Circuit.

April 22, 1974.

---

the bartender, Joseph Palmasano went to the premises. Palmasano, who was only slightly acquainted with defendant, parked his Buick on the street near defendant's Ford. About 5:00 A.M., Officer Platt was again in the area and was flagged down by the landlady. The officer testified that the landlady told him that defendant "might" have some money orders in his possession. At the trial the landlady could not remember whether she told the officer that the money orders were "stolen," and that she did not know whether defendant had money orders with him.

Defendant refused the officer's request for permission to search his car. The officer left and from a nearby observation point, and with the use of binoculars, watched defendant's movements. After about three minutes, the officer saw defendant leave his car with his hands across the front of his body, apparently holding something under his shirt. Defendant walked to a parked car which turned out to be Palmasano's and emptied what he was holding under his shirt into the left front seat of that car. Palmasano was not in the car at the time. Officer Platt radioed for help and Officer Vaughn responded. At Platt's direction Vaughn looked into the front seat of the Buick and saw and seized a brown sack. Examination of the sack disclosed the money orders. Defendant was then arrested for possession of the money orders.

Defendant filed a Rule 41, F.R.Crim. P., motion to suppress the seized money orders. The motion was neither heard nor ruled on before trial. When it was orally renewed at trial, the court denied it on the basis of the statements of counsel without taking any evidence on the issue.

The threshold question is the standing of defendant to attack the seizure of the money orders. They were taken from an unoccupied car which did not belong to the defendant and which was parked on a public street. The indict-

Rodney G. Snow, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., on the brief), for plaintiff-appellee.

Craig S. Cook, Salt Lake City, Utah (Worsley, Snow & Christensen, Salt Lake City, Utah, on the brief), for defendant-appellant.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found defendant-appellant Smith guilty of knowingly possessing stolen money orders in violation of 18 U.S.C. § 500. He appeals from the judgment imposing sentence. The sole question on appeal relates to the validity of a search.

Defendant had a dispute with his landlady and she ordered him to move. When he refused, she called the Salt Lake City, Utah, police department for help. Officers Platt and Vaughn responded at about 4:00 A.M. Defendant agreed to take his personal belongings and leave immediately. Defendant called the bartender at the MeraMar Bar for help in moving. At the request of

ment charges the possession of the money orders so seized.

Jones v. United States, 362 U.S. 257, 262–265, 80 S.Ct. 725, 4 L.Ed.2d 697, suggests three alternatives which may be used to establish standing, (1) substantial proprietary or possessory interest in the thing seized, (2) a similar interest in the premises searched, and (3) legitimate presence on the premises searched. Of these, only (1) has application here. Defendant says that he has "automatic" standing to contest the seizure because evidence of a possessory interest at the time of seizure both convicts and confers standing. The rationale of the "automatic" standing rule was that a defendant was put in a dilemma when he had to show possession to have standing and that possession would convict of the charged offense. This rationale was removed by Simmons v. United States, 390 U.S. 377, 389–394, 88 S.Ct. 967, 19 L.Ed.2d 1247, which holds that a defendant's testimony in support of a motion to suppress may not thereafter be admitted against him on the trial of the issue of guilt.

The government relies on Brown v. United States, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208. There the government's case did not depend on possession at the time of seizure. The Court held that the defendants lacked standing because at a preliminary hearing they failed to show possession at the time of search and seizure. In Brown the Court expressly reserved for future consideration in a proper case the question of the effect of Simmons on the continued vitality of the "automatic" standing rule of Jones. Ibid. at 228, 93 S.Ct. 1565.

■ The Fourth Amendment rights on which defendant relies are personal rights which may not be asserted vicariously. Ibid. at 230, 93 S.Ct. 1565. The reservation in Brown of the "automatic" standing question means to us that one who attacks a search must assert and establish a personal right protected by the Fourth Amendment and that when such an assertion is contested, "a full hearing on standing," Ibid. at 229, 93 S.Ct. 1565, must be held.

In the instant case, there was no hearing on the motion to suppress. When it was renewed at trial, the court impatiently denied the government request to call a witness, ordered defense counsel to "tell me how they got the evidence," ignored the prosecution statement of disagreement with the defense, and then denied the motion without bothering to say anything about standing. The result was that the defendant had no opportunity to challenge the search and seizure in a proceeding independent of the trial to determine guilt. The statements of counsel are no substitute for a hearing. They showed a factual dispute. Such a dispute is determined on the receipt and consideration of evidence, not comments of counsel.

■ Everything considered, we are convinced that the only satisfactory disposition of this appeal is a reversal and remand for a new trial at which an evidentiary hearing is held on the motion to suppress, with due regard to the holdings in Jones and Simmons and to the question reserved in Brown.

The judgment is reversed and the case is remanded for a new trial in the light of this opinion.