UNITED STATES of America, Appellant,

v.

Ronnie APPAWOO and Gerald Mountainlion, Appellees.

UNITED STATES of America, Appellant,

v.

Ernest Rabbit CASEY, Appellee.

Nos. 76–1024, 76–1056.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 18, 1976.

Decided April 28, 1977.

1. *See United States v. Spears, supra.*

Kenneth S. Geller and John P. Rupp, Attys., Dept. of Justice, Washington, D. C. (Richard L. Thornburgh, Asst. Atty. Gen., and Ramon M. Child, U. S. Atty., Salt Lake City, Utah, with them on the Brief), for appellant.

Charles C. Brown, Salt Lake City, Utah, for appellees, Ronnie Appawoo and Gerald Mountainlion.

Brant H. Wall, Salt Lake City, Utah (Gregory B. Wall, Salt Lake City, Utah, with him on the Brief), for appellee, Ernest Rabbit Casey.

Before SETH and HOLLOWAY, Circuit Judges, and CHILSON, United States Senior District Judge *.

SETH, Circuit Judge.

The Government has taken these appeals from the granting of motions for acquittal entered by Judge Ritter in the United States District Court for the District of Utah.

### I.

In *United States v. Casey*, No. 76–1056, an information was filed against the defendant, an American Indian, charging an assault with deadly weapons resulting in serious injury of another Indian in Indian country in violation of 18 U.S.C. § 1153. 18 U.S.C. § 1153 provides that such an assault shall be defined and punished in accordance with state law. Defendant asserted, and by motion sought to have the charge dismissed on the ground that had he not been an Indian, he would have been charged instead under the federal assault statute, 18 U.S.C. § 113, which provides for a lesser penalty and is harder for the Government to prove than the Utah statute.

* Of the District of Colorado, sitting by designation.

Thus the issue was raised before trial as to whether the section under which defendant was charged, 18 U.S.C. § 1153, was constitutional as to him. This was by a motion to dismiss the information. *United States v. Cleveland,* 503 F.2d 1067 (9th Cir.), was cited by defendant as authority for his position.

The Government replied to the motion by asserting that 18 U.S.C. § 1153 was constitutional as applied to defendant. Also it urged that if it was not, the court could disregard the charge insofar as it was based on that section, and proceed under an amended information, then offered, based on 18 U.S.C. § 113(c).

The trial judge refused to hear defendant's motion before trial began, and directed the Government to proceed with the trial.

The jury was impaneled and sworn, and the Government called witnesses to prove that defendant had attacked his sister by striking her in the forehead with his fist and by stabbing her in the stomach with a file. The incident was described and a doctor testified as to the wound caused by the file. The Government then rested, and the trial judge, after excusing the jury, heard arguments on the motion of defendant to dismiss. The trial judge granted the motion and thereafter entered a "judgment of acquittal."

■ The reason for the granting of the motion to dismiss during the course of trial had no connection with, nor was it based on the facts developed to that point in the trial. There was no factual determination made before or in the granting of the motion, thus in reality it was a dismissal of the information on constitutional grounds. The ruling came after the trial began because the court had refused to hear the motions before trial as required by Rule 12, Fed.R. Crim.P., in the absence of any showing or reference in any manner whatever to good cause for deferring a consideration and ruling. We must take notice of the practice of this trial judge to hear pretrial motions after the jury has been sworn. We have considered several previous instances where

this has been done, and there are references in the records to show that this is done to prevent appeals by the Government of rulings on such motions. *See United States v. Ritter,* Tenth Circuit No. 76–1011, and *United States v. Smith,* 495 F.2d 668 (10th Cir.). See also the statements in the record in a case which was consolidated for argument with this one, *United States v. Appawoo and Mountainlion,* No. 76–1024.

■ We have given careful consideration to *United States v. Martin Linen Supply Co.,* — U.S. —, 97 S.Ct. 1349, 51 L.Ed.2d 642, wherein the Court considered the application of the double jeopardy clause to judgments of acquittal. *See also United States v. Fay and Tiernan,* 553 F.2d 1247 (10th Cir.), and the cases cited therein. As indicated in *United States v. Martin Linen Supply Co.,* neither the form of the order entered by the trial judge nor the terminology used is determinative. Thus neither the form of the order nor its recitation that it is an "acquittal" is controlling. *See also United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232; *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608. The Court, in *Martin Linen Supply,* after referring to the fact that form does not control, said: "Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." The record here demonstrates that the ruling on the motion was unrelated to any facts developed by the Government's case or any other facts. There was no resolution of some or all of the factual elements of the offense charged. Instead the motion was based solely on constitutional grounds, and had nothing to do with the elements of the offense. Under Rule 29, judgments of acquittal may be entered when the evidence is insufficient to support a conviction, viewing the evidence favorably to the Government. *United States v. Tager,* 481 F.2d 97 (10th Cir.). There was no reference by the trial court to the proof adduced by the Government, and the record demonstrates that the burden was met.

The trial court's action was a dismissal of the information based on the legal issues raised in defendant's motion to dismiss filed before trial.

In *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425, the jury had been sworn and the trial commenced when the trial judge noticed that the indictment was defective. The defect was not subject to an amendment, and the judge declared a mistrial despite defendant's objection. The defendant was indicted again and tried. The Supreme Court held that there had been no violation of the double jeopardy clause as manifest necessity and the ends of justice necessitated the mistrial. The procedural situation before us is similar to that in *Somerville*, and again the designation of the order used is not significant.

Since the realities of the matter cannot be changed by the form in which the order was cast, we must hold that the appeal of the Government does not violate the double jeopardy clause of the Fifth Amendment.

■ This court in *United States v. Analla*, 490 F.2d 1204 (10th Cir.), vacated on other grounds, 419 U.S. 813, 95 S.Ct. 28, 42 L.Ed.2d 40, held that the portion of 18 U.S.C. § 1153 was constitutional in that it did not violate the right of equal protection. This case was concerned with the law of New Mexico as compared with the federal assault statute. The holding was referred to by this court in *United States v. Maestas*, 523 F.2d 316 (10th Cir.), and is the prevailing rule in this Circuit on the issue, and this panel is bound by it. Other Circuits have reached a contrary result. *See United States v. Big Crow*, 523 F.2d 955 (8th Cir.), and *United States v. Cleveland*, 503 F.2d 1067 (9th Cir.). However, the Supreme Court in *United States v. Gabriel Francis Antelope*, —— U.S. ——, 97 S.Ct. 1395, 51 L.Ed.2d 701, has probably put the matter to rest. Thus we hold that the trial court was in error in dismissing the information.

## II.

In No. 76–1024, *United States v. Appawoo and Mountainlion*, the defendants are Indians and were charged with intentional-ly and knowingly assaulting other Indians in Indian country in violation of 18 U.S.C. § 1153. The information asserted that the defendants had fired a 22-caliber rifle and a 30-caliber M-1 rifle at a car occupied by three other Indians, and had beaten the same persons with a rifle and their fists.

Before trial the defendants, separately represented, each filed motions to dismiss the information on the ground that 18 U.S.C. § 1153 as applied to them was unconstitutional because it violated their right to equal protection of the laws. The point urged was that the statute when applied to an Indian defendant required the application of Utah state law which resulted in a less demanding burden of proof and greater punishment than would the general federal assault statute (18 U.S.C. § 113) which would be applicable to non-Indians. A memorandum of authorities was submitted with the motion. This issue was raised and considered in *United States v. Casey*, No. 76–1056, by the same trial judge, and was consolidated in this court for argument with this case.

The motions to dismiss were not considered by Judge Ritter prior to trial as required by the rules. Counsel on both sides were familiar with the trial and handling of similar motions in the *Casey* case referred to above.

The Government sought before trial to amend the information to eliminate the constitutional issue, but the motion was denied as the trial began. The Government also sought to dismiss the information but the motion was not acted upon until the judgment was entered. The jury was sworn and the trial began. The Government called as a witness a person who it was alleged was assaulted. He testified that he was struck with a rifle which broke his jaw and that defendants shot at a truck. The witness was excused. The trial judge then excused the jury to hear argument on a suppression of evidence issue. This was argued. Judge Ritter then said: "While we have the jury out, I would like to have you present to me the matter of unconstitution-

ality of the statute dealing with these Indian crimes." The legal issue was then argued at some length. The defendants then moved for a judgment of acquittal and it was granted. The jury was then returned to the court room and told that the case had been disposed of.

As in *United States v. Casey,* above, it is apparent from the record that the trial court considered no factual matters or issues whatever in granting the judgment of acquittal. Only legal issues were presented, and these consisted for the most part of a comparison of the penalties under Utah law and the general federal statute. It was demonstrated that the possible state penalties were more severe.

Under Rule 29 judgments of acquittal are based on an evaluation of the evidence to support the charge. *United States v. Tager,* 481 F.2d 97 (10th Cir.). Here there was no reference whatever by the trial court to the facts testified to by the only witness who was heard. The balance of the Government's case was not put on by reason of the granting of defendants' motion. Since there was no consideration of the facts and only of the constitutional issue, the "judgment" was in fact a granting of defendants' motion to dismiss the information. The double jeopardy clause thus does not apply as we have hereinabove considered in *United States v. Casey.*

The statute under which they are charged is constitutional as we have recited also in *United States v. Casey.*

Furthermore there was in fact no jeopardy in the first instance because no actual trial was contemplated.

### III.

As to both cases, we must hold that there was in fact no jeopardy because of the statements made by Judge Ritter at the conclusion of the court proceedings in *United States v. Casey,* which was tried first. One of the attorneys in *United States v. Appawoo and Mountainlion,* Mr. Wright, was in the court room at the conclusion of the *United States v. Casey* trial although the trial in his case was scheduled to begin several days later. After Judge Ritter stated that the *Casey* case would be dismissed, and while still on the bench, he addressed Mr. Wright as follows:

"THE COURT: All right, now Mr. Wright, what do you want to talk about?

"MR. WRIGHT: Your Honor, I have been appointed to defend a defendant by the name of Gerald Mountainlion in another case, which is No. 24 on your calendar. He is charged with aggravated assault, the same charge that was made against the defendant, Mr. Casey, in a case just heard by the Court. We have made the same motion upon the same grounds that have been made by Mr. Brant Wall, and we move the Court for dismissal on the grounds that are set forth in our motion and our memorandum, those being that the statute upon which Mr. Mountainlion is charged is unconstitutional in that it unlawfully discriminates against him as an Indian.

"THE COURT: You are not representing your client very good. You are overlooking something that a practical man ought to think about. The defendant in the preceding case was in jeopardy.

"MR. WRIGHT: I recognize that.

"THE COURT: He was confronting a jury. Now you are pushing your luck here. If I rule on this motion before you confront a jury and that constitutional question is litigated for the next ten years and goes up to the Supreme Court of the United States and in the meantime the Government amends, you have done your client a very great disservice, because there is no bar to him being prosecuted.

"MR. WRIGHT: Well, that is a possibility, Your Honor.

"THE COURT: It is not only a possibility. That is what will happen. Now, I have been trying to handle all these cases on this calendar by having a jury in the box there and not listening to your arguments about anything. You push in here

now at a time when the motion isn't even set down for argument, and you have got your client in a fix where he may be twice tried for this thing. Now, that is poor legal representation from my point of view, and I am going to do what I can to protect him against his counsel, and we will just keep that right where it is and get a jury for you one of these days, and when we get the matter up before the jury we will get far enough down the way with the evidence to see what is involved and then we will entertain your motion. I don't want to be trying these cases again. I am interested in the court docket as much as I am the Indian boy, but he ought to have the benefit of double jeopardy defense. If he is prosecuted once that ought to be enough. That will be all."

The statements by the trial judge as to the reason for deferring ruling on the motions to dismiss based on constitutional issues are clear enough. They demonstrate that there was in fact no jeopardy.

### IV.

In *United States v. Casey,* No. 76–1056, and in *United States v. Appawoo and Mountainlion,* No. 76–1024, the "judgments of acquittal" are reversed and each case is remanded with directions to reinstate each of the original informations. There is no bar to a trial on these informations arising under the double jeopardy clause of the Fifth Amendment.

IT IS SO ORDERED.