**UNITED STATES of America, Appellant,**

v.

**James Bernard FAY, Jr., and Joseph John Tiernan, Appellees.**

**No. 76–1023.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 18, 1976.

Decided April 28, 1977.

John P. Rupp and Kenneth S. Geller, Attys., Dept. of Justice, Washington, D. C. (Richard L. Thornburgh, Asst. Atty. Gen., and Ramon M. Child, U. S. Atty., Salt Lake City, Utah, with them on the Brief), for appellant.

George J. Romney, of Boyden, Kennedy, Romney & Howard, Salt Lake City, Utah, for appellee, James Bernard Fay, Jr.

Walter O. Cass, Denver, Colo., for appellee, Joseph John Tiernan.

Before SETH and HOLLOWAY, Circuit Judges, and CHILSON, United States Senior District Judge *.

SETH, Circuit Judge.

The defendants were charged with conspiracy to rob a federally insured bank in Salt Lake City. Before trial, motions to suppress evidence were made by the defendants, and defendants sought to argue the motions before trial. The trial judge, however, refused to hear the motions before trial. The jury was impaneled and the Government put on a portion of its case. Nine Government witnesses testified. Judge Ritter, the trial judge, then excused the jury to consider the motions to suppress. The judge then also inquired whether the bank had actually been robbed. He was informed that it had not been robbed, and he thereupon without a factual hearing granted the motions to suppress.

After the motions to suppress were granted, the Government put on a witness to prove that the bank was federally insured. Also the Government put other witnesses on the stand, but in view of the ruling on the motion to suppress, they did little more than identify themselves. The trial judge then stopped the trial, and excused the jury from the courtroom. The defendants moved for a judgment of acquittal which was then argued. At the conclusion of the argument, the trial judge made several references to the fact that the bank had not been robbed, and that defendants had not entered the bank. He also stated: "There is no evidence that anybody did any act to effect the object of the conspiracy. None. Bring the jury in." The jury was told that a judgment of acquittal would be entered by the court. The motions were then granted by the entry of a "judgment of acquittal." The Government has taken this appeal urging, of course, that the "judgments of acquittal" are appealable.

■■■ It is apparent that the failure of the trial judge to conform to the rules by refusing to hear the motions to suppress at the prescribed time frustrated the proper trial of these defendants. The rules clearly require, under these circumstances, since no "good cause" for deferring action was in any way suggested, that a pretrial consideration of the motions to suppress with options open to the parties to take other action before trial. Rule 12, Fed.R.Crim.P. Also the rules are intended to permit the parties to go into the trial knowing what

* Of the District of Colorado, Sitting by Designation.

the ruling on the suppression issues will be unless "good cause" dictates otherwise. *See United States v. Smith*, 495 F.2d 668 (10th Cir.). The procedure here followed by the trial judge obviously aborted a proper consideration of the motions to suppress.

■ The trial judge ruled that the evidence was not sufficient to support a conviction, but the Government urges that this conclusion was reached because the trial judge erroneously added a requirement that there be a showing that the bank was entered or was robbed. Thus the conclusion was based on an error of law.

The record contains several references by the trial judge to the fact that the defendants did not rob the bank and did not enter it. However, the concluding statement by the trial judge was that there was no proof of overt acts to support a charge. It is also apparent from his statements in ruling on the motions that he considered that there was an absence of proof on the basic conspiracy charge.

In an application of the standards for our review set out in *United States v. Tager*, 481 F.2d 97 (10th Cir.), and related cases, we must hold that the trial judge acted within the broad discretion given to him in the consideration of motions for acquittal. The proof was evaluated by the trial court, and we cannot say that there was an abuse of discretion. The argument on appeal by the Government appears to assume that evidence was before the court which was excluded by the motion to suppress. This is understandable in view of the proof that the Government thought at the outset of the trial would be available to it. We cannot hold that the granting of the motion for acquittal was based entirely on an erroneous application of legal doctrine.

Under 18 U.S.C. § 3731, the Government may take appeals in criminal cases in a number of situations. The real limitation on such appeals is, of course, the double jeopardy clause of the Fifth Amendment. The Government urges that this appeal does not violate the clause because the defendants were not in jeopardy in the first instance. In this argument the Govern-

ment relies on proceedings in two other cases also heard by the same trial judge, and consolidated for argument by this court with the case here considered. The other cases, *United States v. Ernest Rabbit Casey*, 553 F.2d 1242 and *United States v. Ronnie Appawoo and Gerald Mountainlion*, 553 F.2d 1242 are entirely different on this point, and have no application here.

■ The trial in the case before us was certainly an "actual" trial, a "bona fide" or "real" trial in the sense that there is nothing to indicate that the failure to follow the rule as to pretrial consideration of the motion to suppress or any other action or failure so infected the trial as to render it meaningless. The handling of the motion, as indicated above, aborted the proper consideration of a challenge to a large segment of the proof, but this certainly did not destroy the trial or jeopardy in the application of the Fifth Amendment. Thus the usual jeopardy analysis is indicated. Jeopardy attached when the jury was impaneled and sworn. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425; *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100.

A consideration of *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265; *United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250; *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232, and *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, and also as to mistrials in *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 leads us to the conclusion that this appeal is barred by the double jeopardy clause. The trial was terminated with and by a factual determination, as above described, after substantial proof. It was not by a bare dismissal of the charges or by a mistrial. The Supreme Court in *United States v. Martin Linen Supply Co.*, —— U.S. ——, 97 S.Ct. 1349, 51 L.Ed.2d 642, has considered directly appeals after judgments of acquittal entered under Rule 29(c), Fed.R.Crim.P. The Court there repeated that what constitutes an "acquittal" ". . . is not controlled by the

form of the judge's action . . . Rather we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." The Court said that the acquittals there involved were acquittals in "substance" as well as in form. We also, as above stated, consider the judgments of acquittal here entered as acquittals in substance. Thus *United States v. Martin Linen Supply Co.,* —— U.S. ——, 97 S.Ct. 1349, 51 L.Ed.2d 642, is controlling in these circumstances. There also the Court sought to lay down a general rule as to all real judgments of acquittal. The Court said:

> "We thus conclude that judgments under Rule 29 are to be treated uniformly and, accordingly, the Double Jeopardy Clause bars appeal from an acquittal entered under 29(c) after a jury mistrial no less than under 29(a) or (b)."

Thus, in conformance with the above authorities, we hold that the appeals here sought by the Government are barred by the double jeopardy clause.

We cannot evaluate the correctness or the significance of the ruling on the motion to suppress by reason of the violation of the procedural rules.

The appeal is hereby dismissed.