**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin BRIDEWELL,
Defendant-Appellant.**

No. 80–5349.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1981.

Decided Nov. 23, 1981.

R. Michael Murphy, Asst. Federal Defender, Lexington, Ky., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., James E. Arehart, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Circuit Judge, KENNEDY, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This appeal presents a claim of double jeopardy. A federal grand jury had indicted appellant Bridewell and ten others for gambling, in violation of 18 U.S.C. §§ 371 and 1955 (1976). A jury trial was begun. Six witnesses had been called and had testified when one of the jurors approached the trial judge's law clerk concerning a conversation he had the previous evening on the merits of legalized gambling. The District Judge that night met with counsel for all defendants in chambers, told them of the problem, and sought agreement on a resolution thereof. Counsel for most of the defendants took the position that the juror concerned and another juror with whom he had spoken about the matter would be tainted, thus leaving no alternates available in the event these two were disqualified.

When the District Judge indicated that he was seriously considering granting a mistrial, both the United States and Bridewell's counsel objected, although no other defendants' counsel did. The judge, taking a highly practical view of his docket problems, said, "If there is still a motion for a mistrial, I am going to grant it. We have a day and a half invested in this case, and if this were the last day of this trial, I would not grant it."

In spite of the problems of judicial administration which are presented by these facts, we believe that appellant Bridewell's motion to dismiss the indictment on double jeopardy grounds should have been and must now be granted. Basically, the constitutional prohibition against double jeopardy limits the prosecutor's power to retry a defendant to those situations where termination of the first trial is caused by "manifest necessity." *Simmons v. United States*, 142 U.S. 148, 154, 12 S.Ct. 171, 172, 35 L.Ed. 968 (1891); *United States v. Sisk*, 629 F.2d 1174, 1180 (6th Cir. 1980).

While we recognize the deference we are required to pay to the trial judge's evaluation of possible juror bias, *see Arizona v. Washington*, 434 U.S. 497, 513–14, 98 S.Ct. 824, 834–35, 54 L.Ed.2d 717 (1978), we cannot find manifest necessity in this record. All that was at issue when the District Judge was faced by motions to abort the trial on grounds of juror bias by most of the defendants, with this one defendant's counsel objecting, was the possibility of two trials. While we sympathize with his laudable desire to avoid a waste of federal court resources, we do not think that the possible necessity of a separate trial constitutes manifest necessity for purposes of avoiding a double jeopardy bar. Over and above this fact, as the judge's own comment recognizes, was the possibility that a fair trial could probably have taken place by excusing one or two of the arguably affected jurors. We note that the judge himself apparently considered that the balance of the jury would have been unaffected.

The judgment of the District Court is reversed and the case is remanded, with instructions to dismiss the indictment on grounds of double jeopardy.