436 So.2d 255 (1983)
Michael David RASZKA, Petitioner,
v.
Richard B. BURK, Honorable Judge of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Respondent.
No. 83-712.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Rehearing Denied August 30, 1983.
*256 James L. Eisenberg of Green, Eisenberg & Cohen, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
HERSEY, Judge.
This petition for a writ of prohibition arises as a result of an impasse in a plea bargain negotiated by one of two defendants on a charge of trafficking in marijuana. On May 3, 1982, the trial of petitioner and his codefendant Burns commenced as the jury was selected and sworn and counsel made their opening statements. Before reconvening the following day, the state offered petitioner a plea bargain under the terms of which he would testify against the codefendant. Petitioner's counsel informed the court "we have accepted the plea... ." Thereupon, the trial court declared a mistrial in accord with the respective requests and consent of both the prosecutor and the codefendant's counsel. The jury was dismissed. Subsequently, petitioner decided not to accept the plea bargain. However, petitioner now contends he cannot be tried because it would violate the fifth amendment prohibition against double jeopardy.
The fifth amendment clearly prohibits placing any person in jeopardy of life or limb twice for the same offense. Likewise the law is well settled that jeopardy attaches when the jury is impaneled and sworn in. Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); United States v. Rich, 589 F.2d 1025, 1028 (10th Cir.1978); United States v. Fay, 553 F.2d 1247 (10th Cir.1977); Foster v. United States, 339 F.2d 188 (10th Cir.1964).
Certainly it is clear beyond question that the Double Jeopardy Clause does not guarantee a defendant that the Government will be prepared, in all circumstances, to vindicate the social interest in law enforcement through the vehicle of a single proceeding for a given offense. Thus, for example, reprosecution for the same offense is permitted where the defendant wins a reversal on appeal of a conviction. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); see Green v. United States, 355 U.S. 184, 189, 78 S.Ct. 221, 224, 2 L.Ed.2d 199, 205 [61 A.L.R.2d 1119] (1957). The determination *257 to allow reprosecution in these circumstances reflects the judgment that the defendant's double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decision making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error. But it is also clear that recognition that the defendant can be reprosecuted for the same offense after successful appeal does not compel the conclusion that double jeopardy policies are confined to prevention of prosecutorial or judicial overreaching. For the crucial difference between reprosecution after appeal by the defendant and reprosecution after a sua sponte judicial mistrial declaration is that in the first situation the defendant has not been deprived of his option to go to the first jury, and, perhaps, end the dispute then and there with an acquittal. On the other hand, where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his "valued right to have his trial completed by a particular tribunal." See Wade v. Hunter, 336 U.S. 684, at 689, 69 S.Ct. [834], at 837[, 93 L.Ed. 974, at 978].
If that right to go to a particular tribunal is valued, it is because, independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. In the absence of such a motion, the Perez doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings. See United States v. Perez, 9 Wheat. [579], at 580 [6 L.Ed. 165, at 166]. [Emphasis supplied by this court.]
United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971).
A valid reason for declaring a non-consensual mistrial must be predicated on either of two bases:
(1) [Manifest necessity which arises because of] some misfortune which, although the fault of neither party, renders continuation of the trial impossible or unreasonably prejudicial to the substantial interest of either the judicial process itself, the defendant, the state, or both, or (2) [defense provocation which is based] upon some unfair or wrongful tactic, action or conduct on the part of the defendant, by which a substantial interest in the state is unfairly frustrated or embarrassed.
Spaziano v. State, 429 So.2d 1344, 1346 (Fla. 2d DCA 1983), quoting State ex rel. Mitchell v. Walker, 294 So.2d 124, 127 (Fla. 2d DCA 1974).
It is clear that, had petitioner Raszka accepted the plea and testified against his codefendant, the codefendant would have a right to a mistrial on grounds of manifest necessity. United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824) (manifest necessity to order discharge of jury to meet the ends of public justice); Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (mistrial, properly based on trial judge's assessment of the prejudicial impact of defense counsel's opening statement, constitutes manifest necessity); Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949) (courtmartial proceeding properly terminated because of military necessity); Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891) (where juror lied regarding acquaintance with defendant, possible juror bias necessitated grant of mistrial); United States v. Appawoo, 553 F.2d 1242 (10th Cir.1977) (upholding retrial where trial court's grant of motions to dismiss, though designated "acquittal" was based solely on *258 erroneous constitutional grounds interpretive of statute under which defendant was charged).
We suggest that the trial judge is entitled to rely on the statements of parties' counsel. Thus, when informed by petitioner's counsel that "we have accepted the plea" the judge acted properly in granting the codefendant's motion (and prosecution's motion) for mistrial. Defendant's subsequent change of mind cannot retroactively nullify the reasons for which the mistrial was necessarily granted. See United States v. Bridewell, 664 F.2d 1050 (6th Cir.1981) (double jeopardy prevents retrial where at first trial defendant objected to declaration of mistrial and manifest necessity was not present despite his codefendant's motion for a mistrial, although consenting codefendant can be retried).
We need not, however, rely on this analysis. In the instant case we find that the incongruence of representing to the court that "we have accepted the plea" and defendant's subsequent withdrawal of that plea coupled with defendant's contention that a subsequent trial on the merits would subject him to double jeopardy constitutes defense provocation. To permit the defendant to profit by manipulation of the rules would certainly unfairly frustrate a substantial interest of the state.
In addition, retrial after a mistrial does not invoke double jeopardy considerations where the defendant consented to the mistrial. It is true that mere silence cannot be interpreted as a waiver or consent, State v. Allen, 52 Fla. 1, 41 So. 593 (1906); State v. McNeil, 362 So.2d 93 (Fla. 1st DCA 1978); Francis v. State, 413 So.2d 1175 (Fla. 1982); however, in the instant case there was more than mere silence. Here defendant's actions and his counsel's representations formed the basis for the codefendant's and prosecutor's motions for mistrial.
After the mistrial had been declared defense counsel stated on the record, in open court, and in the defendant's presence:
MR. GELSTON: First of all, I would like to say one thing.
I never had this happen before. I was before the Court in good faith. My client had accepted the plea bargain. He cooperated with the State to some extent over the recess and again at lunch a little bit.
Judge, I don't know, my client did not take  will not take my advice, and I don't think that I can represent him in this matter. I feel so strongly about it, I am moving the Court orally to let me withdraw. [Emphasis added.]
A criminal defendant cannot be permitted to thwart the judicial process by taking contradictory positions under these circumstances.
In analogous circumstances, the Fourth Circuit held reprosecution was not barred where the first jury was released in conjunction with granting defense counsel's motion for a continuance. Adkins v. Bordenkircher, 674 F.2d 279 (4th Cir.1982), cert. denied, ___ U.S. ___, ___, 103 S.Ct. 119, 173, 74 L.Ed.2d 104, 142 (1982). We note that while it is the better practice to hold the formal plea hearing prior to declaring a mistrial, under these circumstances such a procedure is not mandatory.
The petition for writ of prohibition is hereby denied.
DOWNEY and WALDEN, JJ., concur.