[File No. 6301.]

MRS. C. R. JOLLEY, Respondent, v. D. H. BEGEMAN, as Sheriff of Kidder County, North Dakota, and The State of North Dakota doing business as the State Bonding Fund of the State of North Dakota, Appellants.

(256 N. W. 912.)

Opinion filed October 3, 1934. Rehearing denied November 8, 1934.

*J. N. McCarter,* and *Harold D. Shaft,* Assistant Attorney General, for appellants.

*F. E. McCurdy,* for respondent.

CHRISTIANSON, J. Plaintiff brought this action against the defendant Begeman, as sheriff of Kidder county, and the State Bonding Company as surety on his official bond to recover damages for the alleged conversion of a certain truck. The case came on for trial before a jury but at the close of all the evidence both the plaintiff and the defendants

moved for a directed verdict. Thereupon the jury was discharged and the trial court made findings in favor of the plaintiff. Judgment was entered accordingly and the defendants have appealed.

The trial court found the facts in the case as follows:

"The Sheriff of Kidder county had a Warrant of Attachment in two separate actions against the property of C. R. Jolley, the husband of the Plaintiff and pursuant to and by authority of said Warrants of Attachment he levied upon the truck in question on the 21st day of March, 1933. The Plaintiff herein in due time served upon the said Defendant, D. H. Begeman, Sheriff of Kidder county, North Dakota, a third party claim wherein she claimed to be the owner of the said truck and demanded the possession thereof. This the Sheriff refused, and retained the said truck. This action was brought for the conversion of the said truck. The Plaintiff produced a transfer of ownership endorsed on the back of a certificate of title running to Carl Job. This was dated March 17th, 1933. When the assignment or transfer of ownership was first executed it was made to C. R. Jolley. It was signed by Carl Job and his signature acknowledged before one E. H. Koehler, a Notary Public. A day or two after this 17th day of March, 1933, C. R. Jolley stated that there was a mistake in the said transfer and that it should run to Mrs. C. R. Jolley. Mr. E. H. Koehler, the Notary Public, then in the presence of and with the consent of both C. R. Jolley and Carl Job inserted the 'Mrs.' making the title or transfer to Mrs. C. R. Jolley. This was before the levy was made by the Sheriff, one of the Defendants herein, on March 21st, 1933. The bill of sale or transfer as above described was produced and offered in evidence by Plaintiff's attorney at the trial of this action. The Plaintiff filed her claim with the State Bonding Fund of the State of North Dakota.

"The evidence of the Sheriff, one of the Defendants, is undisputed that the value of the said truck was the sum of Two Hundred Dollars ($200.00). That further appears by the Notice of Levy served by the Sheriff in which the value of the truck is fixed at the said sum of Two Hundred Dollars ($200.00). The Sheriff never returned the truck to the Plaintiff. The truck in question is described as one 1927 model Chevrolet Truck, one-ton capacity, Motor number 3717808, Serial number 21LM13093. The Plaintiff was the owner of the truck

at the time it was levied upon by the Sheriff of Kidder county, one of the Defendants herein. The said Sheriff, D. H. Begeman, was the duly elected, qualified and acting Sheriff of Kidder county, North Dakota, and was at the time bonded under the State Bonding Fund of the State of North Dakota and levied upon and took possession of the said truck as such Sheriff."

The appellants in their brief assail the findings only in one particular. They contend that the truck was the property of C. R. Jolley, the husband of the plaintiff, and not the property of the plaintiff and that the trial court erred in finding that it was plaintiff's property.

The record discloses that only two witnesses testified in this case, namely, the defendant Begeman, who was called for cross-examination under the statute, and one Erich H. Koehler.

The defendant Begeman testified that he levied upon the truck as the property of C. R. Jolley and took the same into his possession; that the plaintiff, Mrs. C. R. Jolley, served a third party claim upon him; that he refused to return the truck to her; that he at no time had any process directing him to levy upon any property belonging to Mrs. C. R. Jolley. He also testified that at the time he levied upon the truck he appraised the value thereof at $200.

Erich H. Koehler identified a certificate of title issued by the Motor Vehicle Registrar of North Dakota under the Motor Vehicle Registration Act (Laws 1927, chap. 179). The certificate is dated October 22, 1931. It is regular on its face and recites that one Carl Job of Jamestown, North Dakota, is the owner of the certain truck described therein (which is the truck involved in this action). The assignment and warranty of title on the back of the certificate purports to have been executed, subscribed and sworn to by Carl Job, the owner, before said Erich H. Koehler as notary public on March 17, 1933. The certificate recites that said Carl Job "for value received hereby sells, assigns and conveys unto Mrs. C. R. Jolley . . . the motor vehicle described on the reverse side of this certificate and hereby warrants the title to said motor vehicle."

Koehler testified that the instrument was so executed before him as notary public by Carl Job on March 17, 1933. He further testified that Job and Jolley came and saw him on that day and stated that Job wanted to transfer title to the truck. He further testified: . . .

"As a matter of fact I made the transfer I didn't—I assumed C. R. Jolley was the man and he took that and took it home and he came back and said he wanted that changed and I said not unless I have Mr. Job's sanction and I drove up to his farm and asked him if it was satisfactory. He said 'yes.' Q. So that at the time Carl Job signed his name and you signed your name as Notary Public, the name C. R. Jolley was the assignee in the instrument? A. Yes, sir. Q. And 'Mrs.' was put in afterwards and upon the consent of Mr. Job? A. Yes, sir, Q. And you don't know when that change was made? A. No, sir. Q. It may have been the same day? A. Yes, sir. Q. And it may have been the next day? A. Yes, sir. Q. It may have been four or five days? A. I don't think so. Q. You are not sure when it was changed? A. No, sir. . . . Q. Are you sure it was changed before the 21st of March? A. I couldn't say, it wasn't a matter of four or five days. Q. Was it as much as four days afterwards? A. I don't think so. Q. You are not sure? A. I am not positive."

It is the contention of the appellant that in view of this testimony the certificate of title and the assignment thereof introduced in evidence are insufficient to establish plaintiff's claim of title and that this testimony shows that the truck is the property of Jolley, the husband of the plaintiff, and not the property of the plaintiff. It is asserted that the change made by Mr. Koehler, the notary public, in the assignment by inserting the word "Mrs." before the name C. R. Jolley was for the purpose of defrauding the creditors of C. R. Jolley and particularly the creditors in the actions in which the warrants of attachment had been issued and under which the defendant Begeman made levy upon the truck in question here.

We are all agreed that this contention cannot be sustained. The certificate of title and the assignment thereof show that the plaintiff, Mrs. C. R. Jolley, was the owner of the truck. The testimony of Koehler does not establish anything to the contrary. His testimony does not show that the change made in the assignment of the certificate of title was made for fraudulent purposes, or for any purpose other than to make the instrument evidence the actual transaction. Fraud is never presumed but must be established by evidence. The presumption is that private transactions have been fair and regular and

that official duty has been regularly performed. Comp. Laws 1913, § 7936, subds. 19, 15. The presumption is that the notary public and the parties to the instrument acted fairly and honestly and not otherwise.

The trial court found in favor of the plaintiff. In this case "the findings of the trial court come here with all the presumptions in favor of their correctness, 'and with the burden resting upon the party alleging error of demonstrating the existence of such error. He must be able to show this court that such finding is against the preponderance of the testimony, and where the finding is based upon parol evidence, it will not be disturbed, unless clearly and unquestionably opposed to the preponderance of the testimony.'" State Bank v. Maier, 34 N. D. 259, 268, 269, 158 N. W. 346.

It cannot be said that the findings in this case are opposed to the preponderance of the evidence. The judgment appealed from must be, and it is, affirmed.

BURR, Ch. J., and BURKE, NUESSLE and MOELLRING, JJ., concur.