[File No. 6877]

GRACE A. WHITTIER, Glenn A. Whittier, and Gladys Whittier Coleman, Respondents, v. FRANK LEIFERT, Appellant.

(9 NW(2d) 402)

Opinion filed April 26, 1943.

*J. A. Coffey,* for appellant.

*Sproul & Sad,* for respondents.

MORRIS, Ch. J.   This is an action wherein the plaintiffs seek judgment against the defendant on four promissory notes of $100 each dated May 12, 1932, and due October 1, 1934, 1935, 1936, and 1937, respectively.

At the close of the testimony in the court below both parties made motions for directed verdict.   The court directed a verdict for the plaintiff and judgment was entered in accordance therewith.   The defendant made a motion for a judgment notwithstanding the verdict or for a new trial which was denied.   This appeal is taken from the order of the trial court denying the motion.

The notes are payable "To the Order of Estate of Herbert A. Whittier" and on the backs thereof bear the endorsement "Pay to the order of Grace A. Whittier, Glenn H. Whittier and Gladys Whittier Coleman." The indorsement is signed by the two parties first named as "executors of the estate of Herbert A. Whittier, deceased."

The complaint alleges that before the commencement of the action the

notes were, for a valuable consideration sold, assigned and delivered to the plaintiffs who are the owners and holders thereof. The answer denies the allegations of the complaint generally, and specifically denies that the notes were given for a valuable consideration or that the plaintiffs are the owners and holders thereof.

Grace A. Whittier testified to the execution and delivery of the notes by the defendant and also testified that they were given in connection with a compromise settlement made with the defendant of a former note payable to her father for $900. The debt was scaled down to $500. Five notes were taken; one was paid, the remaining four are involved in this action. The heirs of the estate of Herbert A. Whittier, deceased, were the widow and the three children who are plaintiffs in this action. The notes, when taken, became assets of the estate which was in the course of probate in Rice County, Minnesota.

They were turned over to the plaintiffs and indorsed by two of them acting as coadministrators in August, 1932. It further appears from the testimony that this was done in carrying out a decree of partial distribution made in July, 1932.

The defendant asserts that the complaint alleges purchase of the notes for valuable consideration which is specifically denied by the answer and that the plaintiffs have wholly failed to meet the issue thus raised or to prove in any manner that they are the actual owners of the notes.

The examination of the witness, Grace A. Whittier, by her own counsel, the court and counsel for the defendant, is somewhat lengthy and involved. Numerous objections were made by defendant's counsel who took the position that since the record showed that the notes were executed and delivered as assets of the estate their transfer from the estate to the plaintiffs could only be shown by properly authenticated records of the probate court having jurisdiction over the estate. The evidence consists wholly of oral testimony.

The point is further made by defendant's counsel that the widow is shown to have had an interest in the estate and, therefore, in the notes and that the plaintiffs failed to show the transfer of her interest to them. In the course of his cross-examination of Grace A. Whittier, defendant's counsel brought out facts which disclose how the notes were transferred from the estate to the plaintiffs and how they became the

owners of the widow's share therein. After the witness had testified that the notes were property of the estate the record discloses the following:

"Q. The notes arc dated May 12th, 1932? A. Yes.

"Q. Your mother was alive at that time, and continued to live until 1935 you say, is that right?

"A. Yes, sir.

"Q. And the transfer of these notes, such as it was, was made when?

"A. In August 1932.

"Q. In August, 1932, and the estate had not been closed at that time?

"A. No, sir. There had been a Decree of Partial Distribution at that time.

"Q. Would you say that Partial Distribution set over a certain portion of the assets to the heirs?

"A. I should think that sounds right.

"Q. And to whom do you say it was set over, or do you know anything about that at all?

"A. About what you are talking about?

"Q. Yes.

"A. Not sure that I do.

"Q. You don't know who those notes were set over to?

"A. They were given to the three of us as co-administrators.

"Q. Without your Mother, — without her interest being transferred?

"A. We had been unable in the spring to collect anything on the notes, so we let Mother have cash and we took these notes as our share.

"Q. There was cash in the estate? A. Yes."

The above testimony when considered in the light of other evidence admitted without objection leaves no doubt in our minds as to what happened. The notes involved in this case were assets of the Herbert A. Whittier estate but were of questionable value. A partial distribution of the assets was ordered by the probate court. The heirs of the estate were the widow and the three children. Two of the children were coadministrators. They had been unable to collect anything on the notes. All parties, no doubt, realized the questionable value of the notes. They had been obtained by reducing an original indebtedness of the defendant from about $1,000 to $500. The children took the

notes as their share of the partial distribution and gave the widow her share in cash. The notes were indorsed to the plaintiffs by the two who were coadministrators. Thus, the transaction in part at least involved the sale of the interest of the widow to the children. They became the owners of the notes by a transaction which was in part a distribution of their father's estate and in part a transfer to them for valuable consideration of their mother's interest.

The defense is technical. Nowhere is there an intimation that the defendant does not owe the full amount due on the notes. He resists judgment on the ground of failure of proof on the part of the plaintiffs and variance between the proof and the allegations of the complaint. The trial court states in his memorandum opinion that the defendant was present in court throughout the trial but offered no evidence.

There is no fatal variance between the pleadings and the proof. The complaint alleges that the plaintiffs are the owners of the notes and the proof sustains this allegation. The defendant contends that there are two theories in the case dealing with the method of acquisition of the notes by the plaintiffs. One theory is that the notes were acquired by sale and purchase which he asserts is the theory pleaded. The other theory is that of inheritance which the defendant contends is shown by the evidence but not pleaded. The explanation given by the witness Grace A. Whittier answers this contention. The plaintiffs acquired their mother's interest in the notes by giving her cash therefor. Their own respective interests were directly acquired by inheritance. To some extent the proof is at variance with the allegations of the complaint. A variance, in order to be fatal, must be material. ND Comp. Laws 1913, § 7479; 11 CJS p 31. A variance in a civil action is not material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. ND Comp. Laws 1913, § 7478; Robertson v. Moses, 15 ND 351, 108 NW 788. There is nothing in the record to indicate that the defendant was placed at a disadvantage by virtue of the variance or that it has resulted in any injustice to him. He is, therefore, not entitled to a reversal of the judgment or to a new trial on that ground.

The most serious question in this case involves the admissibility of oral testimony as to the transfer of the notes from the estate to the plain-

tiffs and the sufficiency of that evidence. The defendant contends that the evidence shows that the notes in question, when executed and delivered, became the property of the estate of Herbert A. Whittier and their transfer to the plaintiffs can only be shown by properly authenticated copies of the records of the probate court having jurisdiction of the estate. This contention is based upon the rules of best and secondary evidence.

Section 7911, ND Comp. Laws 1913 provides that: "Copies of the records and judicial proceedings of any court of the United States or of any state or territory of the United States shall be admissible as evidence in this state," when authenticated in the manner provided by the statute. Such copies, therefore, become the best evidence of the records of the court of a foreign state. This rule was applied in Mears v. Smith, 19 SD 79, 102 NW 295, cited and relied upon by the defendant. It is a rule of general application that judicial records if in existence must be proved by copy in preference to recollection testimony. Wigmore, Evidence, 3d ed, § 1269(b). In order for a party to avail himself of such a rule he must protect infringement thereof by proper objection. He cannot complain of testimony as to the contents of judicial records that he has brought out by his own inquiries. Oral testimony as to the contents of judicial records may be entirely relevant to issues in litigation. The ground for exclusion of the testimony complained of in this case can only be based on the fact that it is secondary and that the best evidence is copies of the court records authenticated in the manner prescribed by statute.

Grace A. Whittier was permitted to testify over objection that the notes were turned over to the plaintiffs as part of their inheritance. She was permitted to testify without objection that there was a partial decree of distribution and a final decree of distribution, and that the estate had not been completely closed when the plaintiffs received the notes; that they were turned over as a part of the inheritance by the indorsement of the coadministrators and that plaintiffs were the owners. The notes were received in evidence over the objection of defendant's counsel who thereupon proceeded by cross-examination to bring out further details as disclosed by the testimony that we have quoted. The evidence was relevant though secondary. While this case started out as a jury case

the decision was rendered by the court after motions for directed verdict had been made by both parties. In cases tried to the court without a jury, rulings on questions of evidence are viewed more liberally than in jury trials. First State Bank v. Farmers Co-op. Elevator Co. 59 ND 699, 231 NW 859 ; Lane Independent Consol. School Dist. v. Endahl, 55 SD 73, 224 NW 951; Roche v. Du Bois, 223 Wis 438, 271 NW 84. The same rule is applicable here. The record contains sufficient evidence admitted without objection or brought out by defendant's counsel to explain how the transfer from the estate to the plaintiffs was made and to justify the trial court in determining that the plaintiffs were the actual owners and holders of the notes in question.

After defendant's counsel had cross-examined Grace A. Whittier as to how the plaintiffs obtained the notes he offered in evidence a copy of a decree of partial distribution from the county court of Rice County, Minnesota. This decree was excluded upon the objection of plaintiffs' counsel. Such exclusion is specified as error. No offer of proof is made as to its contents. It does not appear to have been offered for purposes of impeachment. We are, therefore, unable to determine whether or not it should have been admitted in evidence. The burden of affirmatively showing error is on the appellant. Jolley v. Begeman, 65 ND 205, 256 NW 912; Enderlin v. Pontiac Twp. 62 ND 105, 242 NW 117. On the record before us we are unable to say that the exclusion of this evidence on cross-examination was error.

The defendant raises a point of procedure under which he asserts that the trial court erroneously took the case from the jury by directing a verdict. At the close of the testimony both the plaintiff and the defendant made motions for directed verdicts. After both motions were made the transcript shows "the court hesitates." The court then advised the jury that under the double motion he would take the responsibility of the verdict about to be rendered. He then directed the jury to return a verdict in favor of the plaintiffs for the amount demanded in the complaint and reserved the right to render a memorandum opinion in the case. After the court had completed his direction, counsel for the defendant stated that he had not waived his right to go to the jury and reserved such right. The court then said: "The Court hesitated, and counsel made no reservation of any kind until the Court had

made its ruling, and the Court believes now that counsel is too late to make a request of reservation after the case is decided under the motion by the Court, and for the further reason that counsel in his present record has not made the record as the statute provides it shall be made by pointing out the issues to be submitted to the Jury, and is not entitled under his present request in any manner performed to have the case submitted on such request."

Chapter 245, N. D. Session Laws 1935 provides that: "When at the close of the testimony any party to the action moves the Court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the Court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request."

Neither party requested a submission of any issues to the jury until after the court had announced his decision by directing a verdict for the plaintiffs. The record indicates that the court hesitated and gave the attorneys an opportunity to make further motions and requests. Hearing none, the court proceeded to direct a verdict. The court was not obliged to withdraw his direction upon counsel's delayed request to submit the issues to the jury. We do not say that the court might not have done so in the exercise of his judicial discretion but clearly his refusal to do so was not error. The judgment appealed from is affirmed.

CHRISTIANSON, BURR, NUESSLE, and BURKE, JJ., concur.