August NEUBERGER, successor administrator with Will annexed, in the matter of the Last Will and Testament of the decedent, Harold Dally, Plaintiff and Appellant,

v.

Tillie DALLY, Defendant and Respondent.

Civ. No. 8869.

Supreme Court of North Dakota.

Aug. 13, 1973.

Sperry & Schultz, Bismarck, for plaintiff and appellant.

Thomas & Berning, Minot, for defendant and respondent.

TEIGEN, Justice.

The plaintiff, August Neuberger, as administrator with the will annexed of the estate of Harold Dally, has appealed from an adverse judgment. By his complaint he seeks to cancel, set aside as null and void, and have adjudged as fraudulent a joint tenancy deed by which Harold Dally, during his lifetime, conveyed Lot Six of Block Eleven, of the Original Townsite of Beulah, to himself and his wife, Tillie Dally, as joint tenants with the right of survivorship and not as tenants in common.

The case was tried to the court and it found that Harold Dally had executed and delivered the deed during his lifetime, and that the plaintiff had failed to prove that the conveyance was fraudulently made to defraud creditors.

The parties stipulated that Harold Dally, on September 14, 1962, the date of the deed, was the owner in fee simple of the premises described therein. The evidence establishes that the challenged deed was executed by Harold Dally while he was hospitalized, in the presence of his wife, Tillie Dally, two hospital nurses who acted as witnesses, and a notary public who acknowledged his signature. The evidence also shows that following the execution of the deed by Mr. Dally, he, personally, delivered the deed to his wife, Tillie Dally, by then and there handing it to her. The deed has not been placed of record because of unpaid taxes. However, on the same date, to wit, September 14, 1962, the deceased and his wife Tillie Dally, as joint tenants with the right of survivorship and not as tenants in common, executed and delivered a contract for the sale of the property to George Cokens and Harriet Cokens, which contract for deed was recorded in the office of the register of

deeds, there being no legal prohibition against recording a contract because of unpaid taxes.

Subsequent thereto, on February 19, 1964, almost a year and a half after the execution and delivery of the deed in question, Harold Dally died testate. Pursuant to the designation contained in his will, Tillie Dally was appointed executrix of his estate and the will was admitted to probate. She filed an inventory in which she listed this property, subject to the contract for sale to the Cokens, the deceased's interest being appraised at $10,000. The inventory also contained other property belonging to the estate, which was appraised at $10,940.40. The only lien, mortgage or encumbrance shown in the inventory is a pledge in the amount of $470.25. The claims of creditors, which were allowed in the estate, total only $1,132.02.

Furthermore, the evidence shows that at the time of the execution of the deed Mr. Dally was also publishing a newspaper at Glen Ullin, which was a profitable venture. The evidence does not sustain the claim that the conveyance was made to defraud creditors.

The Cokens defaulted on their contract and Tillie Dally, for herself and as executrix of her husband's estate, instituted an action for cancellation of the contract, and judgment of cancellation was entered on October 1, 1968. Thereafter a determination of estate tax in the estate of Harold Dally was filed in the office of the register of deeds, together with a certificate of death. Subsequently, Tillie Dally, as sole owner, entered into a contract for deed for the sale of the property in question to Donald C. Gackle, which contract was placed of record in the office of the register of deeds.

The appellant Neuberger places considerable emphasis on Tillie Dally's answer to a pretrial interrogatory as proof that the joint tenancy deed was not delivered. Her answer was: "I did not physically obtain the deed." The question did not describe the deed referred to; it merely made reference to the property. The trial court concluded that the answer was satisfactorily explained at the trial. She testified that she had misunderstood the question and had construed it to refer to "the one that was obtained after Cokens had been put out and that LaGrave [her attorney] had told me he had recorded it in the courthouse. * * * I didn't know you were referring to the joint tenancy deed." Neither of the witnesses nor the notary public, whose names appear on the joint tenancy deed, were called to testify and, consequently, Tillie Dally's testimony that her husband handed the joint tenancy deed to her following its execution stands unrebutted.

■■ In view of this record we cannot say that the trial court erred when it held that the deed was executed and delivered and that the plaintiff has failed to prove that the joint tenancy conveyance was made for the purpose of defrauding creditors.

The judgment in this action, from which this appeal is taken, was entered on September 1, 1972, and our review of the findings of fact is governed by that portion of Rule 52(a), N.D.R.Civ.P., which provides:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

In view of the record in this case we cannot say that the trial court's findings are clearly erroneous. For this reason, the specifications of insufficiency of the evidence to sustain the judgment will be considered no further.

However, the appellant August Neuberger has raised some alleged errors of law which we will consider. As background we point out that, although Tillie Dally was appointed executrix of her husband's estate in 1964, she failed to file annual reports and accounts in the county court and,

in 1971, a petition was filed to have her removed as executrix, based on her default. She did not resist the petition, and an order was entered by the county court removing her as executrix and appointing the plaintiff, August Neuberger, as administrator de bonis non. He then brought this action.

Neuberger claims that because Tillie Dally, while executrix of her husband's estate, had listed the property described in the joint tenancy deed in the inventory as property of the estate, she is now estopped from claiming title thereto under the joint tenancy deed. This claim is premised on the argument that, as executrix, she was chargeable under Section 30-13-17, N.D.C.C., with the whole of the estate of the decedent which might come into her possession, at the value of the appraisement contained in the inventory; that therefore she was a trustee and, as such, could not take a position contrary to the interests of the estate or trust.

We find the appellant's argument has no merit. Our statute requires that an executor must make and return to the county court an inventory and appraisement of all real and personal property of the decedent which come to his knowledge. Section 30-15-01, N.D.C.C. The title to the real property in question vested in Tillie Dally as the surviving joint tenant under the joint tenancy deed upon the death of her husband. The property did not become a part of the estate of the deceased. In re Kaspari's Estate, 71 N.W.2d 558 (N.D.1955). Although the property was not part of the estate, our statutes require that the value of the gross estate, for estate tax purposes, shall include the value of all property to the extent of the decedent's interest therein as a joint tenant with the right of survivorship. Section 57-37-06, N.D.C.C. Such inclusion does not, however, change the title status of the property resulting from the death of the joint tenant. In re Kaspari's Estate, *supra*. Thus, except for estate tax purposes, it was un-

necessary for the executrix to include the joint tenancy property in the inventory. The inventory is not objectionable on the ground that this property was described therein for the purpose of appraisal to arrive at the gross estate for estate tax purposes. In fact, it is a common practice to include joint tenancy property in the inventory for convenience in securing an appraisal of the decedent's interest therein. This court, in In re Kaspari's Estate, *supra*, approved the deduction of the value of joint tenancy property included in an inventory of the gross estate in order to arrive at the value of the net estate for the purpose of distribution.

Under the circumstances, it appears to us that it was proper to list the joint tenancy property in the inventory for the purpose of determining the gross estate for estate tax purposes. Thus it appears that proper procedure was followed. The attorney for Tillie Dally had died before this action was commenced so we do not have the benefit of his testimony. We have only the testimony of Tillie Dally and she was not knowledgeable in this area. Her testimony does not indicate that the property was included in the inventory for estate tax purposes but indicates that it was included by mistake. However, should that be the situation, we nevertheless do not agree with the appellant's legal argument.

"An inventory is generally made on an ex parte investigation and binds no one. It is only when exceptions are filed and the jurisdiction of the probate court is invoked to inquire into the validity of the schedule of property that the proceeding takes on the character of litigation. Until that time the inventory is not conclusive as to the assets of the estate or as to rights with respect to the property listed therein.

"Even when treated as prima facie evidence of the value of the estate, an inventory and appraisement are not conclusive, either as against third persons or

the executor or administrator. In the absence of mistake, however, the responsibility of the executor or administrator may be governed and limited by the valuation with which he has been obliged to charge himself in making the inventory." 31 Am.Jur.2d, Executors and Administrators, Section 214.

Here there is evidence which tends to establish that the property was included by mistake. The record does not show that any exceptions or challenges were filed, or that the court held a hearing to approve or disapprove the inventory.

■ Next, the appellant claims that the deed is invalid because the property described in the deed consists of the homestead of the parties, and the deed was not executed by both husband and wife as required under Section 47–18–05, N.D.C.C. This section provides:

"The homestead of a married person, without regard to the value thereof, cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife."

A building is located upon the lot in question. It was a dual purpose building in that a portion of it was occupied and utilized for the publication of a newspaper and as a print shop, owned and operated by the deceased during his lifetime, and a portion of it was utilized as the home of the parties. Furthermore, it appears that at the time of the conveyance the parties were not occupying the living quarters of the building but had moved to Glen Ullin, where Mr. Dally had purchased another newspaper which he was publishing. However, we need not resolve the question of whether or not it was a homestead. If we assume that the property constituted a statutory homestead, nevertheless we would conclude that the conveyance was effectual

because, after the conveyance, the property still would retain a homestead status. The purpose of the statute is to prevent the destruction of the homestead except by the consent of both parties expressed in a joint conveyance. If the property were, in fact, the homestead of the parties to the deed, the conveyance left the homestead intact. This court said, in State v. Odegaard, 165 N.W.2d 677 (N.D.1969), that in construing a statute the court cannot assume that the Legislature intended a useless act. We find other courts, from states with similar restrictive statutes, have held that a purported conveyance of homestead property by the husband to the wife is effectual, although not joined in by the wife.

"For the most part, the authorities hold that a purported conveyance of homestead property by husband to wife is effectual although it is not joined in by the wife. The reasons stated for this conclusion include that the homestead rights of the parties for whose protection the statutes requiring joinder were enacted are not affected, that the statutes refer only to conveyances to third persons, and that joinder in such circumstances is an absurd and idle ceremony. A deed of a homestead from husband to wife will be sustained in equity, where there is an equity to support it, such as a money consideration out of the separate property of the wife, although the statute requires a conveyance of the homestead to be executed by both husband and wife. A mortgage of the homestead premises, executed by the husband alone, to his wife, is generally held to be a valid and binding encumbrance." 40 Am. Jur.2d, Homestead, Section 134.

■ The appellant's specifications of error, served with the notice of appeal, enumerate twenty-four specifications of claimed errors of law and insufficiency of the evidence. However, there is much du-

plication, and the issues framed by these specifications and supported by argument we have answered. There are two specifications of error, dealing with rulings on evidence, which appear to have been abandoned as no arguments are supplied to support them. This appeal was filed and argued before the effective date of the new Rules of Appellate Procedure and, under Rule 8(b) of the Rules then in effect, specifications of error, unsupported by written argument, were deemed abandoned. In re Township 143 North, Range 55 West, Cass County, 183 N.W.2d 520 (N.D.1971).

We affirm the judgment.

ERICKSTAD, C. J., and PAULSON, KNUDSON and VOGEL, JJ., concur.