The STATE of North Dakota, Plaintiff and Appellant,

v.

Terry Dirk KNITTEL, Defendant and Appellee.

Cr. No. 765.

Supreme Court of North Dakota.

July 15, 1981.

Richard L. Schnell, State's Atty., Mandan, for plaintiff and appellant.

Draeb & Schwartz, Hebron, for defendant and appellee; argued by Ronald Schwartz, Hebron.

ERICKSTAD, Chief Justice.

The appellant, State of North Dakota, appeals from a judgment of acquittal entered by the County Court with Increased Jurisdiction for Morton County in favor of the defendant, Terry Knittel. Appeal dismissed.

On October 16, 1980, Knittel pleaded guilty to driving while under the influence of alcohol. Pursuant to his conviction, the Driver's License Division of the State Highway Department sent notice of "Opportunity for Hearing" on the suspension of his license to Knittel at his correct address dated October 23, 1980. An affidavit of mailing this notice is part of the record. On November 12, 1980, when no reply was received, an order of suspension suspending his license for 49 days was sent to Knittel. An affidavit of mailing this order is also a part of the record.

Subsequently, on November 29, 1980, Knittel was stopped for driving through a stop sign. A check of his driving record showed that his license was suspended. As a result he was issued citations for failing to stop at a stop sign and for driving a motor vehicle while his driver's license was suspended.

Knittel had a trial on the latter charge on January 5, 1981. The State called the deputy sheriff who issued the citations. The notice of hearing, order of suspension, and the computer printout recording Knittel's suspension were introduced into evidence. At the close of the State's case, Knittel moved to dismiss the complaint on the ground that the State failed to prove its case; specifically, alleging that the State

did not prove Knittel received a notice that his license was suspended or about to be suspended and that he could have a hearing on the issue of his driver's license suspension. The State argued that the affidavits of mailing were sufficient proof that he received notice of opportunity for a hearing and the order of suspension, even though the notices were sent by regular mail. The court continued the case until January 29, 1981, so briefs could be submitted on the motion. The court denied Knittel's motion when it reconvened. Knittel took the stand and testified that he did not receive the notice of the opportunity for hearing or the order of suspension. When Knittel finished testifying, defense counsel renewed the motion to dismiss on the basis of a lack of due process asserting Knittel had not received notice of the opportunity for a hearing or the order of suspension. At this time, the motion to dismiss was granted and the trial court entered its judgment entitled "Judgment of Acquittal", the last paragraph of which reads:

"IT IS HEREBY ORDERED, that the within action be, and the same is hereby DISMISSED upon the merits, the defendants bail bond is hereby exonerated and the defendant discharged."

The State now seeks to appeal from that judgment. In *State v. Flohr*, 259 N.W.2d 293 (N.D.1977), we said, "[t]he question of what constitutes an 'acquittal' is not to be controlled by the form of a judge's ruling. [Citation omitted.] Rather, one must look at the substance of the judge's ruling, whatever its label, and determine whether it actually represents a resolution of some or all of the factual elements of the offense charged." 259 N.W.2d at 295.

■ The United States Supreme Court, in *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 52 L.Ed.2d 80 (1977), said:

"The critical question is whether the order contemplates an end to all prosecution of the defendant for the offense charged. A mistrial ruling invariably rests on grounds consistent with re-prosecution, see *United States v. Jorn*, 400 U.S. 470, 476, 91 S.Ct. 547, 552, 27 L.Ed.2d 543 (1971) (plurality opinion), while a dismissal may or may not do so. Where a midtrial dismissal is granted on the ground, correct or not, that the defendant simply cannot be convicted of the offense charged, *[U. S. v.] Jenkins* [420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975)] establishes that further prosecution is barred by the Double Jeopardy Clause." 432 U.S. at 30, 97 S.Ct. at 2145.

The United States constitutional guarantee against double jeopardy found in the Fifth Amendment, is applicable to the states through the due process clause of the Fourteenth Amendment. *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980).

From an examination of the transcript of the trial, we conclude that the trial court granted Knittel's motion to dismiss because it believed that Knittel did not receive notice of the opportunity for a hearing or notice of the suspension and that this lack of notice deprived him of due process of law. The court said:

"But the failure of an individual to have notice to request a hearing is a total denial of due process pursuant to our 14th Amendment and depriving an individual of his liberty, the liberty being the fact that he can be charged with an offense and he has to stand for that offense and could be found guilty of that offense. I think it goes beyond the question of just whether or not granting the privilege to drive or the right to drive is a privilege and not a right, but I think that depriving him of his liberty through the criminal process of prosecuting him thereafter for not complying with his right or privilege to drive being taken away.

"If there would be any indication that an individual has received notice in any manner or effect, even though it might be through the back door of Section— Subsection 5, notice that his license has been suspended, and he doesn't forthwith attempt to request a hearing, I think that would deny his right to contest or waive any notice. But it appears in this case that the facts have shown that neither

the notice of intention to suspend nor the order of suspension was received by the defendant in this matter."

In *United States v. Appawoo*, 553 F.2d 1242 (10th Cir. 1977), the United States Court of Appeals for the Tenth Circuit allowed a government appeal from a "judgment of acquittal" entered by the trial court after it had received evidence. The court said:

"We have given careful consideration to *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642, wherein the Court considered the application of the double jeopardy clause to judgments of acquittal. *See also United States v. Fay and Tiernan*, 553 F.2d 1247 (10th Cir.), and the cases cited therein. As indicated in *United States v. Martin Linen Supply Co.*, neither the form of the order entered by the trial judge nor the terminology used is determinative. Thus neither the form of the order nor its recitation that it is an 'acquittal' is controlling. *See also, United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232; *United States v. Sisson*, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608. The Court, in *Martin Linen Supply*, after referring to the fact that form does not control, said: 'Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' " 553 F.2d at 1244.

A like result was reached in *United States v. Gonzales*, 617 F.2d 1358 (9th Cir. 1980), *cert. den.* —— U.S. ——, 101 S.Ct. 268, 66 L.Ed.2d 129 (1980), where the court said: "Rather, the record before us clearly demonstrates that the order was based on constitutional grounds arising from the unavailability of potential material witnesses. *See United States v. Appawoo*, 553 F.2d 1242 (10th Cir. 1977). The acquittal therefore was in substance an order of dismissal, and as such is appealable." 617 F.2d at 1362.

In the present case the trial court granted Knittel's motion to dismiss based upon a constitutional ground; a lack of due process. The court did, however, reach a factual determination that Knittel had not received notice of the opportunity for hearing or of the suspension.

To determine whether or not this factual determination bars reprosecution of Knittel because of the double jeopardy clause, we must first determine whether or not the trial court's conclusion of law was erroneous or correct. Were the trial court incorrect in its conclusion that due process requires actual notice, the factual determination of the issue of whether or not Knittel received actual notice would be irrelevant. Under such circumstances, the State could properly appeal the dismissal and Knittel could be reprosecuted without violating the double jeopardy clause. *United States v. Gonzales, supra*, 617 F.2d at 1362. If the court were correct in its conclusion that due process requires more than sending notice by regular mail, its factual findings that Knittel did not receive notice would bar reprosecution as this would be a "resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977).

This case involves a collateral attack on the determination made by the Driver's License Division of the State Highway Department to suspend Knittel's driver's license. Knittel contends that the suspension was improper as the method of service of the notice of opportunity for hearing upon him was deficient and that the driver's license division lacked jurisdiction over him because of that deficient service and hence its order of suspension was void. We agree.

■ It is now beyond question that due process requires notice and opportunity for a hearing before the State may suspend a driver's license except in emergency situations. *State v. Sinner*, 207 N.W.2d 495, 499 (N.D.1973). In *State v. Hagstrom*, 274 N.W.2d 197 (N.D.1979), we held that the State did not need to prove receipt by the driver of the order suspending the driver's

license in a prosecution for operating a motor vehicle while the driver's license was suspended. In *Hagstrom*, however, the driver had received notice of intention to suspend his license and opportunity for a hearing.

In the present case the trial court determined, after submission of evidence, that Knittel did not receive either the notice of opportunity for a hearing or the order of suspension. As *Hagstrom* disposed of the notice of suspension question, we are concerned today only with the significance of the receipt of notice of opportunity for a hearing. Knittel's license was suspended pursuant to Section 39–06.1–10, N.D.C.C., which reads in part as follows:

> "1. ... When the driving record shows that the licensee has an accumulated point total of twelve or more points, assigned on the basis of the schedule contained in subsection 3 of this section, the authority shall notify the licensee of its intention to suspend the operator's license and of the availability of an administrative hearing. If the licensee makes a written request for a hearing within ten days after mailing of the notice, the hearing shall be held in accordance with the applicable provisions of chapter 28–32. . . .
>
> \*   \*   \*   \*   \*   \*
>
> "5. A suspension shall be deemed to have commenced when the order of suspension is delivered to the licensee at his address of record in the department. Constructive delivery under this section shall be considered as occurring forty-eight hours after proper deposit in the mails." § 39–06.1–10(1) and (5).

This section does not specify by what manner the notice of opportunity for a hearing and the notice of suspension shall be sent to the licensee. In *Hagstrom, supra*, we held that sending notice of the suspension by regular mail was sufficient as the Legislature provided for constructive delivery of the notice of suspension in Section 39–06.1–10(5), N.D.C.C. Subsection 5 of Section 39–06.1–10 could be read to include constructive delivery of the notice of

the opportunity for hearing if sent by regular mail; but constructive delivery of the notice of opportunity for a hearing would not meet the standard of the due process clause of the Fourteenth Amendment of the United States Constitution. Where a statute is subject to two possible constructions, one which is of doubtful constitutionality and one which is not, the latter must be adopted. *State v. Howe*, 247 N.W.2d 647 (N.D.1976). Accordingly, we construe the statute to require more than constructive notice of the opportunity for a hearing.

In *Fell v. Bureau of Motor Vehicles*, 30 Ohio App.2d 151, 283 N.E.2d 825 (Ct.App. 1972), *cert. den.* 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 285 (1974), the Ohio Court of Appeals held that actual notice of a proposed suspension was a condition precedent to the suspension taking effect. This holding was not accepted by another Ohio court of appeals in another district. *Ryan v. Andrews*, 50 Ohio App.2d 72, 361 N.E.2d 1086, 1089 (Ct.App.1976). In *Ryan*, the court held that actual notice was not a condition precedent and that actual notice was not required when driver refused to claim a certified letter containing the suspension notice and, furthermore, neglected to inform the Bureau of her new address. 361 N.E.2d 1086. In *McIntee v. State Dept. of Pub. Safety*, 279 N.W.2d 817 (Minn.1979), the Supreme Court of Minnesota said:

> "In accordance with these cases, the service of notice upon McIntee is sufficient if he, in essence, refused the certified mail, but it is insufficient if the certified mail was merely undelivered." 279 N.W.2d at 820.

In *Simmons v. State*, 443 S.W.2d 852 (Tex.Cr.App.1969), the court of criminal appeals held that the defendant could not be convicted of operating a motor vehicle while his license was suspended when there was no signed post office receipt showing delivery of notice of hearing, even though notice was shown to have been sent by certified mail to the address on the license and the letter was returned to the sender marked, "moved, left no address." 443 S.W.2d at 854.

This result was rejected in *State v. Thomas*, 25 Wash.App. 770, 610 P.2d 937 (Ct.App. 1980). In *Thomas*, the Washington Court of Appeals held that the defendant could be convicted of driving while his license was suspended even though he did not receive notice of the suspension. 610 P.2d at 940. This holding would appear to be similar to our holding in *State v. Hagstrom*, supra, 274 N.W.2d 197, except that the court of appeals of Washington added the following qualification: "[s]ervice by regular mail furnishes reasonable notice and an opportunity to be heard, where the penalty is a misdemeanor." 610 P.2d at 940. The court did not indicate whether or not a notice of an opportunity for hearing was sent prior to the notice of suspension. The Washington statutes do provide for such a hearing and notice of that hearing prior to suspension. 610 P.2d at 939; R.C.Wash. 46.20.322(1).[1]

The Supreme Court of the United States has said that when a criminal prosecution may be based upon the suspension of a driver's license, due process requires notice and an opportunity for a hearing except in emergency circumstances. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). While we do not agree with those states which require actual notice of suspension as a condition precedent to that suspension, we do believe that notice of an opportunity for a hearing sent by regular mail is insufficient to guarantee due process when the presumption of receipt raised by Section 31–11–03(24), N.D. C.C., is rebutted, especially when the period of suspension may be extended one day for each day a driver fails to surrender his license and a criminal prosecution may be based upon such a suspension. § 39–06.1–14, N.D.C.C. (failure to surrender license).

Having so concluded, the trial court's determination that Knittel did not receive notice was a determination of a factual element of the offense and hence this factual determination by the trial court prohibits reprosecution of Knittel because of the double jeopardy clause of the Fifth Amendment of the United States Constitution which is applicable to the states through the due process clause of the Fourteenth Amendment of the United States Constitution. *United States v. Martin Linen Supply Co., supra*, 430 U.S. at 571, 97 S.Ct. at 1354; *Illinois v. Vitale, supra*, 100 S.Ct. at 2264. As Knittel may not be reprosecuted, the State's appeal must be dismissed.

For the reasons stated herein, the appeal from the judgment of acquittal is dismissed.

VANDE WALLE, PAULSON and SAND, JJ., concur.

PEDERSON, Justice, concurring in the result.

I agree that the double jeopardy clause prevents any further proceedings against Knittel and, accordingly, the appeal should be dismissed. Section 29–28–35, NDCC, apparently requires this court, nevertheless, to point out errors by the trial court. Because a driver's license is a privilege and not a right, its suspension by the State requires such due process as is required by the Legislature. Constructive notice is all that is required by the Legislature—that is obligatory on the trial courts and on this court.

The dicta in the majority opinion will, I'm afraid, be construed as an invitation to anyone with driver's license problems to claim that he or she did not get actual notice. An order by the highway commissioner suspending driving privileges in the manner authorized by the Legislature, which is sent to the driver involved, is not void. If we are going to so hold, we ought to wait until we have a direct, not a collateral, challenge.

---

1.  For an annotation on related cases, *see*, Sufficiency of Notice and Hearing Before Revocation or Suspension of Motor Vehicle Driver's License, 60 A.L.R.3d, p. 427.