**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Albert MOORE, Defendant and Appellant.**

**Cr. No. 945.**

Supreme Court of North Dakota.

Dec. 15, 1983.

Alan K. Duppler, State's Atty., Stanton, for plaintiff and appellee.

Larry Quast, of Hagen, Quast & Alexander, Beulah, for defendant and appellant.

VANDE WALLE, Justice.

Albert Moore appealed from the judgment of conviction entered by the county court of Mercer County which found him guilty of driving while his driver's license was under revocation. We affirm.

From January 1980 to January 1982 the Driver's License Division of the State Highway Department had suspended on various occasions Moore's license for numerous

traffic offenses, including driving while under the influence of intoxicating liquor, exhibition driving, speeding, disregarding a law officer, and permitting an unauthorized person to drive. For each traffic offense the Driver's License Division attempted to mail to Moore notice of an opportunity for a hearing relating to the traffic offense. When Moore did not request a hearing, the Division also attempted to mail to Moore an order of suspension. The Division made fifteen mailings to Moore. It sent fourteen mailings to Walhalla, North Dakota, the address on file with the Driver's License Division; twelve of these mailings were returned to the Driver's License Division as undeliverable and two were not returned. When the Driver's License Division received the last two returned envelopes, it forwarded the two envelopes to Hazen, North Dakota, the place where Moore apparently resided at the time the notices were sent. The Driver's License Division addressed an order for suspension, its final mailing, to Hazen, North Dakota.

The Driver's License Division had previously received from Moore his driver's license. In November 1979 a law officer told Moore to send his driver's license to the Driver's License Division after he was charged with driving while under the influence of intoxicating liquor. Moore's license was returned to him in May or April of 1980. When he was charged later with speeding, he was told to mail his license to the Driver's License Division. In June 1980 he sent his license to the Driver's License Division in an envelope indicating Hazen, North Dakota, as his return address.

On October 4, 1982, Moore was charged with driving while his driver's license was under revocation, in violation of Section 39–06–42, N.D.C.C. At the time of this charge Moore did not have his driver's license because he had sent it in more than two years earlier. At his trial to the court without a jury Moore admitted that he was driving at the time the law officer apprehended him but denied that he had received any of the notices of opportunity for a hearing and the orders of suspension.

The trial court found him guilty of driving while his license was under revocation and sentenced him to five days in jail and ordered him to pay $200 in court costs, with the jail sentence suspended for one year on the conditions that he pay the costs and have no criminal violations for one year.

On appeal Moore argues that the trial court erred in finding him guilty of driving while his license was under revocation because he testified that he did not receive the notices of an opportunity for a hearing and the orders for suspension.

■ This court has established the standard of review in cases where a defendant challenges the sufficiency of evidence to sustain a conviction. In *State v. Manke*, 328 N.W.2d 799, 805 (N.D.1982), we stated:

"In such cases we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." [Citations omitted.]

See also *State v. Flamm*, 338 N.W.2d 826 (N.D.1983). This standard applies to both jury trials and trials to a court without a jury. *State v. Kluck*, 340 N.W.2d 446 (N.D.1983); *State v. Christian*, 328 N.W.2d 815 (N.D.1982).

Moore contends that the facts of this case are similar to the facts present in *State v. Knittel*, 308 N.W.2d 379 (N.D. 1981). In *Knittel*, the defendant appealed his conviction of driving while his license was under suspension. The defendant had been apprehended earlier for driving while under the influence of alcohol. After defendant pleaded guilty, the Driver's License Division sent to his correct address notice of an opportunity for hearing on the suspension and an order for suspension. At the trial the defendant testified that he did not receive either of these mailings. The trial court granted the defendant's motion for dismissal. On appeal we found controlling the issue of the alleged receipt of the notice of an opportunity for a hear-

ing.[1] We held that "notice of an opportunity for a hearing sent by regular mail is insufficient to guarantee due process when the presumption of receipt raised by Section 31–11–03(24), N.D.C.C., is rebutted, ..."[2] 308 N.W.2d at 384.

■ Although the facts in *Knittel* are similar to some of the facts in the present case, the cases nevertheless are clearly distinguishable. In the present case Moore's actions and testimony reveal that he knew that his license was revoked at the time he was apprehended for driving while his license was under revocation. Moore twice sent his license to the Driver's License Division. The first time he sent it in a law officer told him that his license was suspended. Shortly after the Driver's License Division returned his license to him, Moore sent it in again. At trial Moore admitted that he mailed his license in a second time because he was told that his license was revoked. The license was not returned, nor did he apply for another license. Thus, when he was charged with driving while his license was under revocation, Moore did not have a license. Under these circumstances Moore cannot collaterally attack the revocation of his license. See *State v. Mehlhoff*, 318 N.W.2d 314 (N.D.1982). In addition, even though Moore testified that he believed his driver's license was expired, not revoked, revocation continues until the driver is able to apply for a new license. *State v. Brude*, 222 N.W.2d 296 (N.D.1974); Sec. 39–06–23(2), N.D.C.C.

Moore had *actual knowledge* that his license was revoked. Moore should have inquired about his right to challenge the status of his license before he boldly defied Section 39–06–42, which prohibits a person from driving while his license is under revocation.

1. In *State v. Knittel*, 308 N.W.2d 379 (N.D.1981), we stated that the issue of the alleged receipt of the order for suspension was resolved by *State v. Hagstrom*, 274 N.W.2d 197 (N.D.1979). In *Hagstrom*, because the defendant knew that the Driver's License Division intended to suspend his license, we affirmed the judgment of conviction even though the defendant contended that he had not received the order of suspension and that he had no actual knowledge of the license

We therefore affirm the judgment of the trial court.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.

suspension. See also *State v. Sinner*, 207 N.W.2d 495 (N.D.1973).

2. Section 31–11–03 lists rebuttable presumptions, including:
   "24. That a letter duly directed and mailed was received in the regular course of the mail."