STATE of North Dakota, Plaintiff and Appellee,

v.

Patrick J. OBRIGEWITCH, Jr., Defendant and Appellant.

Cr. No. 1010.

Supreme Court of North Dakota.

Oct. 23, 1984.

As Amended Dec. 4, 1984.

Jay V. Brovold, State's Atty., Medora, for plaintiff and appellee State of N.D.

Thomas F. Murtha, of Murtha & Murtha, Dickinson, for defendant and appellant.

VANDE WALLE, Justice.

Patrick J. Obrigewitch, Jr., appealed from a criminal judgment entered by the county court of Billings County which found him guilty of driving while his license was under suspension. We affirm.

Obrigewitch was initially arrested for driving while under the influence of alcohol [hereinafter D.U.I.] on August 7, 1983. The arresting officer, Deputy Sheriff Wallace, took possession of Obrigewitch's driver's license at that time and issued him the hard copy of the citation, and a temporary

driver's permit good for 20 days. Subsequently, on August 28, 1983, Obrigewitch was one of a group of motorcyclists stopped for speeding by Officer Wallace. Later that day, Officer Wallace also cited Obrigewitch for driving a motor vehicle while his license was suspended [hereinafter D.U.S.], in violation of Section 39–06–42, N.D.C.C. Obrigewitch waived his right to trial by jury and was tried before the county court.

## I

At trial, the State asked Officer Wallace what a check of Obrigewitch's driving record showed. Officer Wallace responded that later in the same day that he issued the speeding citation to Obrigewitch he received a report over State radio indicating Obrigewitch's driver's license was suspended. Obrigewitch argues that Officer Wallace's response to the question was based on hearsay and should have been excluded from evidence.

■ Generally, in cases tried to the court without a jury, rulings on evidentiary matters are viewed more liberally than in jury trials. *Whittier v. Leifert*, 72 N.D. 528, 9 N.W.2d 402 (1943); *First State Bank v. Farmer's Co-op. Elevator Co.*, 59 N.D. 699, 231 N.W. 859 (1930). The introduction of allegedly inadmissible evidence in a nonjury case rarely will be reversible error unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. *Voth v. Voth*, 305 N.W.2d 656 (N.D.1981); *Fuhrman v. Fuhrman*, 254 N.W.2d 97 (N.D. 1977); *Piper v. Piper*, 239 N.W.2d 1 (N.D. 1976).

■ The first issue is whether or not Officer Wallace's response concerning the State radio report was hearsay, as Obrigewitch contends. Rule 801(c), N.D.R.Ev., defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in

evidence to prove the truth of the matter asserted." We do not believe that Officer Wallace's response was hearsay because the State did not use it to prove that Obrigewitch was driving while his license was under suspension. Instead, the State used Officer Wallace's response merely to indicate the basis for issuance of the D.U.S. citation to Obrigewitch. To prove that Obrigewitch was driving while his license was under suspension, the State introduced the order of suspension and Obrigewitch's driving record.

■ We note that even if the State radio report was hearsay and not within an exception to the hearsay rule, Obrigewitch may not predicate error on the ruling on appeal because counsel failed to make timely objection to Officer Wallace's testimony concerning the report.

The trial transcript indicates that counsel failed to object to Officer Wallace's response. Counsel first objected when the State again asked Officer Wallace the question concerning the State radio report. There was extensive questioning of Officer Wallace on direct examination between the first alleged hearsay response and the subsequent question inviting the same response.

Rule 103(a), N.D.R.Ev., provides that "error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection or motion to strike appears of record, ..." See, e.g., *State v. Jungling*, 340 N.W.2d 681 (N.D.1983); *State v. Johnson*, 231 N.W.2d 180 (N.D. 1975); *State v. Albers*, 211 N.W.2d 524 (N.D.1973).

## II

Obrigewitch next contends that the trial court erred in ruling that Obrigewitch's driving record and the order of suspension were admissible under Rule 902, N.D. R.Ev.[1] Both the driving record and the

1. Rule 902, N.D.R.Ev., provides for authentication of certain documents, including:

"(4) ... A copy of an official record or report ... certified as correct by the custodi-

order of suspension have a stamped certification that reads:

"The undersigned hereby certifies that the information contained herein is a true and correct printed record of the information maintained in the files of the Drivers License Division relative to the drivers record of the individual named herein. Further, the undersigned is charged with the care and custody of said information."

Following the certification provision, the stamp includes a signature stamped in script of the director of the Drivers License Division of the State Highway Department. State's Exhibit No. 2, the order of suspension, has a notary public certification as to the mailing of the order by the State to Obrigewitch. Obrigewitch's driving record, State's Exhibit No. 1, does not contain a seal or notary public certification.

■■■ The issue raised here is whether or not a script signature made by a rubber stamp is sufficient for authentication purposes to comply with the rules of evidence, specifically Rule 902, N.D.R.Ev. Generally, in the absence of a statute providing otherwise, a signature may be affixed to a document by writing by hand, by printing, by stamping, or by other means. See *Carna v. Bessemer Cement Co.*, 558 F.Supp. 706 (W.D.Pa.1983); *Ferguson v. Stilwill*, 224 N.W.2d 11 (Iowa 1974); *State v. Watts*, 289 N.C. 445, 222 S.E.2d 389 (1976); *Smith v. Greenville County*, 188 S.C. 349, 199 S.E. 416 (1938); *Estes v. State*, 484 S.W.2d 711 (Tex.1972). See also *Andre v. North Dakota State Highway Com'r*, 295 N.W.2d 128 (N.D.1980); 80 C.J.S. *Signatures* § 9, p. 1296. The evidentiary rule requiring authentication and certification of records is designed to avert the inconvenience and occasional impossibility of producing original documents in court. By allowing certified copies of records to be admissible, the trial of cases is expedited. North Dakota does not have a specific statute requiring signatures to be made in any certain form. We conclude that the rubber-stamp certification and signature as used in this case is

an or other person authorized to make the

sufficient to meet the evidentiary requirements of Rule 902, N.D.R.Ev. By so concluding we intend to further the policy of avoiding waste of time and money that would result in requiring manual signing of every record certified from the Drivers License Division.

■■ In this case Obrigewitch failed to present any evidence going to the issue of genuineness of the State's exhibits but instead attacked only the method of certification of those documents by the Drivers License Division. Thus Obrigewitch failed to rebut the presumption of authenticity for public records found in Rule 902, N.D. R.Ev. Furthermore, we conclude that the State has met the burden of proof in Rule 901(a), N.D.R.Ev., which provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." We conclude that the trial judge did not commit error by allowing admission of the order of suspension and the driving record.

### III

Obrigewitch argues that the trial court erred in finding him guilty of D.U.S. when there was no evidence that he was given notice of an opportunity for a hearing on the suspension of his driver's license. Obrigewitch contends that because he was not given notice of an opportunity for a hearing, he did not know that his license was suspended.

We have stated that due process requires notice and opportunity for a hearing before the State may suspend a driver's license except in emergency situations. *State v. Knittel*, 308 N.W.2d 379 (N.D.1981); *State v. Sinner*, 207 N.W.2d 495 (N.D.1973).

In *Knittel, supra*, the trial court determined that the defendant had not received either the notice of an opportunity for a hearing or the order of suspension that the State had mailed to him. We held that "notice of an opportunity for a hearing

certification, . . ."

sent by regular mail is insufficient to guarantee due process when the presumption of receipt raised by Section 31–11–03(24), N.D.C.C., is rebutted, ..." *Knittel, supra,* 308 N.W.2d at 384. Cf. *State v. Hagstrom,* 274 N.W.2d 197 (N.D.1979).

In *State v. Moore,* 341 N.W.2d 373 (N.D. 1983), the defendant argued that the court had erred in finding him guilty of D.U.S. when he had not received notice of an opportunity for a hearing or the order of suspension. We concluded that the facts were clearly distinguishable from those in *Knittel, supra.* We noted in *Moore, supra,* that the defendant knew that his license was revoked at the time he was apprehended for driving while his license was under revocation. Moore had twice sent his driver's license to the Drivers License Division because he had been told that his license was revoked.[2] After Moore mailed his license to the State the second time it was not returned to him. When Moore later was charged with driving while his license was under revocation, he did not have a driver's license in his possession. We held that Moore had actual knowledge that his driver's license was revoked.

The facts in this case more closely resemble the facts in *Moore, supra,* than those in *Knittel, supra.* Here, at the time of his D.U.I. citation, Obrigewitch's driver's license was confiscated from his person and he was issued a temporary driving permit. Officer Wallace testified at trial that when he issued the D.U.S. citation, Obrigewitch had in his possession the hard copy of the D.U.I. citation and the temporary driver's permit issued on August 7, 1983. The temporary permit indicated that it was valid for 20 days from the date of the D.U.I. citation. This case is distinguishable from *Knittel, supra,* because at the time that Obrigewitch was charged with D.U.S., the State had possession of his driver's license

and his temporary driver's permit had expired.

We conclude that Obrigewitch did have actual knowledge that he was driving while his license was under suspension because he is deemed to have known that his temporary driver's permit had expired. We also conclude that Obrigewitch was given notice of an opportunity for a hearing due to his possession of the temporary driver's permit which contains such notice.

Finally, after reviewing the evidence most favorable to the verdict, we conclude that there was substantial evidence to support Obrigewitch's conviction.

One specification of error was not supported by written argument in Obrigewitch's brief. Generally, we are limited to issues litigated below and the arguments presented upon appeal. Where a party fails to provide supporting argument for an issue listed in his brief, he is deemed to have waived that issue. *Kraft v. Malone,* 313 N.W.2d 758 (N.D.1981); *Neuberger v. Dally,* 210 N.W.2d 269 (N.D.1973); *Moran v. Moran,* 200 N.W.2d 263 (N.D.1972); *State v. Wright,* 20 N.D. 216, 126 N.W. 1023 (1910). See also Rule 28(a)(4), N.D.R. App.P.

The judgment of conviction is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.

---

2. At the time of the *Knittel* case an arresting officer did not take possession of the driver's license of the individual charged with D.U.I. Only after conviction did the State mail notices of an opportunity for a hearing and order of suspension to the individual along with a request that he send his driver's license to the Drivers License Division. Under the current D.U.I. law, the officer confiscates the defendant's driver's license at the time of the arrest and issues a temporary, 20-day driving permit. See 1983 N.D.Sess.Laws, Ch. 415, § 33, codified as Section 39-20-03.1, N.D.C.C.